GLADNEY, Judge.
Julie Riffe McFerrin instituted this rule against B. W. McFerrin alleging that on December 6, 1967 a judgment was rendered decreeing a separation from bed and board between the plaintiff and the defendant, granting unto plaintiff the custody of the two minor children and ordering defendant to pay $450 per month for the support of plaintiff and the minor children. The amount was made payable $225 on the 16th and a similar amount on the last day of each month, commencing December 16, 1967. It was further alleged that defendant had failed and refused plaintiff the sum of $225 due December 16, 1968.
In answer to the rule respondent averred that he had properly made payments in accordance with the judgment through November 30, 1968 but in addition thereto he made some six payments totaling $260 between December 10, 1967 and May 15, 1968, and that when the payment became due on December 16, 1968 he delivered to his wife a note advising her that he had deducted the payments in advance and that she would not receive a check for December IS as he would deduct the remaining advances from the next check.
The court upon trial of the rule held the extra payments so made by the defendant were advances for which he was entitled to claim credit on payments of support fixed by the judgment. Plaintiff has appealed from the ruling, contending the additional payments were not “advances”.
The position taken by the appellant before this court is that there is a natural obligation on the part of the husband to support his wife and children and a judgment which awards specific amounts payable on specific dates is recognition that the husband should pay the amounts provided in the judgment. Further, it is argued the minimum sum provided in the judgment does not entirely fulfill the natural obligation and payments in excess of the judgment should not be credited as advance payments unless clearly indicated and understood by the parties.
The test to be applied in determining whether payments made by the husband to the wife should be credited towards payment of alimony under a separation decree is whether the wife had the unrestricted right to determine how the funds were to be disbursed. See LSA-C.C. Art. 148; Cotton v. Wright, 193 La. 520, 190 So. 665 (1939); Duncan v. Roane, La. App., 127 So.2d 191 (3d Cir. 1961).
In Cotton v. Wright it was held that where a husband, pursuant to an alimony decree secured by the wife, paid sums by check to minor children which were endorsed by them and collected by the mother and the amounts were used for the chil-drens’ support, the payments so made were properly credited as alimony payments, the court observing that the husband has no right to dictate how the amounts should be used. Following the rule of Cotton v. Wright, Duncan v. Roane held that as the wife had the unrestricted right to determine how the funds were to be disbursed they should be credited toward payment of alimony under the separation decree.
*42 Mrs. McFerrin testified that when she received these payments from her husband she immediately deposited them in her checking account and wrote the check for the amount to the Montessori School, a payment of tuition for the children. She testified that there was no agreement that she was not to take credit for them over and above the payments provided in the decree. As the amounts were handled through her checking account it would appear that she had ample discretion as to how to use such funds.
The judgment is affirmed at appellant’s cost.