HALL, Judge.
Mrs. Rita Gay Bazajou Hug obtained a judgment of separation from her husband, Jasper J. Hug, on March 2, 1960. Following the legal delay the husband filed suit for divorce and a final judgment of divorce was rendered in his favor on June 13, 1961. In this judgment the wife was granted the permanent care, custody and control of the two minor children of the marriage and alimony was fixed in a paragraph thereof which reads as follows:
“IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the said plaintiff, Jasper J. Hug is condemned to pay alimony at the rate of Two Hundred Twenty and no/100 ($220.00) Dollars per month for the support of his said wife and minor children, (emphasis supplied)
Nearly four years later, to wit on March 18, 1965 the then attorney for the divorced wife filed an ex parte “Motion to Clarify Judgment” in which he sought to amend the final divorce judgment of June 13, 1961. On the date the motion was filed the Trial Judge rendered and signed the following order thereon:
“IT IS ORDERED that the judgment providing for alimony, heretofore rendered in these proceedings on June 13, *334 1961 be, and the same is, hereby clarified and amended by deleting the following paragraph:
“IT IS FURTHER ORDERED, ADJUDGED AND DECREED, that the said plaintiff, Jasper J. Hug, is condemned to pay alimony at the rate of TWO HUNDRED TWENTY AND NO/100 ($220.00) DOLLARS per month for the support of his said wife and minor children.
and substituting in lieu thereof the following paragraph:
“IT IS FURTHER ORDERED, ADJUDGED AND DECREED, that the said plaintiff Jasper J. Hug, is condemned to pay support for his said wife and two children at the rate of $220.00 per month, applicable (4 thereof for the support of his said wife and J4 thereof to each of his said minor children:”
No notice of the filing of the motion was given Mr. Hug nor was he informed officially or otherwise of the signing of the order. Since he had no knowledge that the judgment had been changed he continued to pay $220.00 to his wife each month and continued to deduct these payments in computing his state and federal income taxes, the deduction thereof being permissible under the original wording of the judgment.
On July 12, 1968 Mrs. Hug filed a rule to increase the alimony to $500.00 per month. The rule to increase was heard on October 4, 1968 and a judgment was rendered and signed increasing the amount to be paid by Mr. Hug from $220.00 per month to $350.00 per month. This judgment was prepared for signature by Mrs. Hug’s attorney and recited that “J4 thereof be designated as alimony and % thereof as child support.”
It was at this time that Mr. Hug learned of the ex parte order of March 18, 1965 amending the divorce judgment of June 13, 1961.
On January 3, 1969 Mr. Hug filed a rule against his divorced wife seeking to have the ex parte order of March 18, 1965 declared null and void. Following a hearing thereon the Trial Judge dismissed the rule by judgment signed on February 24, 1969. Mr. Hug brings this appeal from the judgment of February 24, 1969 dismissing his rule to annul. He does not seek to change the judgment of October 4, 1968.
Appellant contends that the ex parte order of March 18, 1965 effected a change in the substance of the divorce decree of June 13, 1961 and under the provisions of LSA— C.C.P. Art. 1951 the Trial Judge was without right or authority to render it and therefore the order was and is a nullity.
LSA-C.C.P. Art. 1951 reads as follows:
“A final judgment may be amended by the trial court at any time, with or without notice, on its own motion or on motion of any party:
“(1) To alter the phraseology of the judgment, but not the substance; or
“(2) To correct, errors of calculation.” (emphasis added)
Appellant contends that the amendment of the divorce decree of June 13, 1961 effected a change in the substance thereof because it resulted in a substantial change in the federal and state income taxes payable by both husband and wife. He shows that under Federal Income Tax Regulations when an alimony decree does not specifically designate what part of the amount of the judgment is payable for the support of the minor children the entire amount of the judgment is deductible by the husband and must be included in the wife’s net income. On the contrary when the amount for the support of the children is specifically set forth in the decree separate and apart from the amount payable to the wife as alimony, the amount payable for the support of the children is not considered as income and is not deductible by the husband nor is it included in the wife’s net income. Only the amount allotted to the wife as alimony is deductible by the husband and only such *335 amount must be included in the wife’s net income.
The divorce decree of June 13, 1961 condemned Mr. Hug to pay $220.00 per month “for the support of his said wife and minor children.” Under the wording of the decree Mr. Hug in calculating his income taxes was entitled to and did deduct the entire amount of the judgment and Mrs. Hug was obligated to include the entire amount in her net income.
By virtue of the ex parte amendment of March 18, 1965 the alimony decree was changed so as to make the $220.00 per month “applicable 1/3 thereof for the support of his said wife and 1/3 thereof to each of his said minor children.”
This change resulted in a financial advantage to Mrs. Hug tax-wise and a disadvantage to Mr. Hug. The financial advantage to Mrs. Hug consisted in relieving her of having to report for state and federal income tax purposes 2/3 of the amount she was required to report under the original decree. The disadvantage to Mr. Hug was to reduce by 2/3 the income tax deductions he was permitted to take under the wording of the original decree.
We are of the opinion that the ex parte amendment of March 18, 1965 “altered the substance” of the judgment of June 13, 1961 since it materially altered its financial effect. It appears to us that the only reason Mrs. Hug sought to amend the judgment was to gain a financial advantage.
Since in our opinion the amendment altered the substance of the original decree, the Trial Judge was without right or authority, in view of the provisions of LSA-C.C.P. Art. 1951, to permit same and his action in so doing is stricken with nullity.
The Trial Judge dismissed appellant’s rule to annul the amendment on the ground that the rule was “moot” and that “it comes too late.” He did not state why he considered it moot and we are unable to find any basis for such ruling. Appellee has not suggested any. Neither do we regard the rule as being filed too late. Appellant first learned of the amendment on or about Oc-ber 4, 1968. His then attorney had just entered the case and was entirely unfamiliar with the record. Considering this fact and the intervening Christmas and New Year holidays we do not find the delay until January 3, 1969 in filing the rule to annul renders appellant guilty of laches.
For the foregoing reasons the judgment appealed from is reversed and judgment is now rendered in favor of Jasper J. Hug and against his divorced wife, Rita Gay Bazajou Hug, decreeing the order of March 18, 1965 amending the judgment of June 13, 1961 to be contrary to law and null and void; costs of this appeal to be borne by Rita Gay Bazajou Hug, appellee.
Reversed and rendered.