297 So.2d 681 (1974)
LAFAYETTE INSURANCE COMPANY and Kenneth G. Cravanas
v.
Alan H. WEISS and Richard C. Weiss.
No. 6273.
Court of Appeal of Louisiana, Fourth Circuit.
July 3, 1974.
Edward F. Wegmann, Fred P. Westenberger, New Orleans, for plaintiffs-appellees.
Karno, Lockhart & Brainis, Jacob L. Karno, Metairie, for defendants-appellants.
Before SAMUEL, STOULIG and MORIAL, JJ.
STOULIG, Judge.
A curator ad hoc, appointed to represent nonresident defendants Alan H. Weiss and Richard C. Weiss, has appealed a judgment solely on the ground that a declinatory exception of the jurisdiction of the court ratione personae was improperly overruled.
*682 Plaintiffs, Kenneth G. Cravanas and his subrogee collision insurer, Lafayette Insurance Company, obtained a $1,466.90 judgment for property damage to the Cravanas vehicle in a motorcycle-automobile accident on the Lake Pontchartrain Causeway. Appellants challenge the validity of service of citation and contend the judgment is a nullity because the court had no jurisdiction over the persons.
The accident occurred on May 16, 1971. The motorcyclist, Richard Weiss, whose negligence allegedly caused the accident, was a domiciliary of the State of Vermont but he was attending Tulane University. At the time he was a minor, thus his father, Alan Weiss, was made a party defendant.
Before filing suit, plaintiffs' attorney sent a demand letter dated February 23, 1972, to Mr. Richard C. Weiss by certified mail at No. 39 Court Street, Montpelier, Vermont, the address shown on the accident report. The return receipt signed by Weiss indicated he received the letter; however he failed to respond.
On May 11, 1972, plaintiffs filed suit and served both defendants through the Secretary of State, designated as their agent for service of process by the long arm statute (LSA-R.S. 13:3474).
On June 21, 1972, defendants excepted to the jurisdiction of the court because citation and service of process were insufficient.
On September 15, 1972, plaintiffs' attorney sent a copy of the petition and citation by registered mail, return receipt requested, to both defendants at the Court Street address in Montpelier. Photocopies of registered receipts issued by the New Orleans post office at the time of mailing are in the record, but apparently delivery to the addressees was never effected. In a further attempt to notify defendants, on January 5, 1973, plaintiffs' attorney mailed a copy of the petition and citation to both defendants at the Court Street address by certified mail, return receipt requested. Both were returned to the sender with the notation "Moved, not deliverable."
On March 27, 1973, plaintiffs moved to have a curator appointed to accept service of process because they had been unsuccessful in these attempts to notify defendants of the pending action by mail. The curator was appointed under the authority of LSA-C.C.P. art. 5091, and on defendants' behalf he also filed declinatory exceptions to the jurisdiction ratione personae.
In overruling the exceptions, the trial court reasoned an attempt to serve notice by registered or certified mail at the address of the nonresident defendant appearing on the police report satisfied the procedural requirements of LSA-R.S. 13:3475.
We disagree. R.S. 13:3474 facilitates obtaining service of process on a nonresident motorist named defendant in a Louisiana court by providing the nonresident who avails himself of the privilege of using Louisiana highways designates the secretary of state as his agent for service of process for public liability or property claims arising out of such use. R.S. 13:3475 states the petition and citation must be served on the secretary of state and the nonresident motorist apprised of the pending action in this manner:
"* * * [N]otice of such service, together with a copy of the petition and citation are forthwith sent by registered mail by the plaintiff to the defendant, or are actually delivered to the defendant and defendant's returned receipt, in case notice is sent by registered mail, or affidavit of the party delivering the petition and citation in case notice is made by actual delivery, is filed in the proceedings before judgment can be entered against said defendant. * * *"
It is clear from the quoted language constructive notice or a good faith attempt to notify the nonresident defendant is insufficient. The act requires proof the petition and citation were received in the form of *683 the return receipt if it was mailed or an affidavit of the person who actually delivered the notice. In Moore v. Payne, D.C. W.D.La., 35 F.2d 232 (1929), the constitutionality of the Louisiana long arm statute was attacked on the theory it violated a guaranty that no citizen would be deprived of property without procedural due process of law. That act, since amended in other respects, contained the same provisions for service and notice as does the one we are now considering. In resolving the issue, the court pointed out that appointment of the secretary of state as agent for service of process for the nonresident motorist was a valid exercise of police power. All that was needed to satisfy the requisites of procedural due process was to incorporate in the act a procedure for insuring the defendant received actual notice of the pendency of the suit against him.
Due process of law exacts full and strict compliance with the provisions of this statute requiring actual notice to the nonresident. Substantial compliance will not satisfy the constitutional requirements of due process. Thus, were we to hold a good faith attempt to notify was sufficient and entertain jurisdiction without proof the petition and citation were delivered to the defendants, we would be sanctioning an unconstitutional interpretation of the act. See also Eastman v. Benton, 184 La. 620, 167 So. 169 (1936); Guidry v. Rhodes, 238 So.2d 248 (La.App. 3d Cir. 1970); Allen v. Campbell, 141 So. 827 (La.App. 2d Cir. 1932).
We next consider whether plaintiffs obtained jurisdiction over the persons of the defendants by serving the court-appointed curator. LSA-C.C.P. art. 5091 provides:
"The court shall appoint an attorney at law to represent the defendant, on the petition or ex parte written motion of the plaintiff, when:
(1) It has jurisdiction over the person or property of the defendant, or over the status involved, and the defendant is: (a) a nonresident or absentee who has not been served with process, either personally or through an agent for the service of process, and who has made no general appearance; or (b) an unemancipated minor or mental incompetent who has no legal representative, and who may be sued through an attorney at law appointed by the court to represent him; or
(2) The action or proceeding is in rem and: (a) the defendant is dead, no succession representative has been appointed, and his heirs and legatees have not been sent into possession judicially; (b) the defendant is a corporation or partnership on which process cannot be served for any reason; or (c) the defendant's property is under the administration of a legal representative, but the latter has died, resigned, or been removed from office and no successor thereof has qualified, or has left the state permanently without appointing someone to represent him.
"All proceedings against such a defendant shall be conducted contradictorily against the attorney at law appointed by the court to represent him.
"The improper designation of the attorney appointed by the court to represent such a defendant as curator ad hoc, tutor ad hoc, special tutor, or any other title, does not affect the validity of the proceeding."
In the present case the conditions prescribed in Subdivisions 1 and 2 are not met. Obviously this is not an in rem proceeding; therefore, it will suffice to state that this is not a situation covered in Subdivision 2. Nor can the appointment of a curator be justified under Subdivision 1 because the court does not have jurisdiction over the person, the property or the status of the defendants. In this case jurisdiction can only have been obtained by strict compliance with the long arm statutes. This is not to say that R.S. 13:3474, *684 13:3475 is the exclusive means available to a plaintiff filing suit against a nonresident defendant if it is possible to proceed in another manner and obtain valid service of process; the option for perfecting personal jurisdiction is with the plaintiff. Because we conclude the trial court was without jurisdiction, we reverse the judgment which is a nullity.
For the reasons assigned, the judgment appealed from is reversed and the curator ad hoe's declinatory exception to the court's jurisdiction over the person of the defendants is maintained and accordingly the plaintiffs' demands are dismissed. All costs of these proceedings are to be borne by the plaintiffs.
Reversed and rendered.