WATSON, Judge.
A writ of certiorari was issued to consider a trial court judgment requiring defendant, United States Fidelity & Guaranty Company, to pay $750 to Carey D. Bearden, an attorney appointed by the court as curator ad hoc to represent defendant, Clyde Allen Burns. The payment was ordered to compensate Bearden for attendance at the taking of Burns’ deposition in Pine Bluff, Arkansas, scheduled by USF&G. The lawsuit, which is not before us on the merits, concerns an automobile-motorcycle accident in Louisiana for which plaintiff, John Donaldson Caffery, seeks damages from Burns and USF&G, alleged to be plaintiff’s uninsured motorist carrier.
In the original petition, Burns is alleged to be a resident of Lafayette Parish, Louisiana.
An attempt was made to serve Clyde Allen Burns in Louisiana, but the petition was returned without service. A notation on the citation states that Burns had moved and never returned. Plaintiff then filed a motion alleging that Burns was an absentee or non-resident and that the court should appoint an attorney to represent him. An order was entered by the trial court appointing Bearden.
LSA-C.C.P. art. 5091 authorizes the trial court to appoint an attorney at law to represent a defendant when the court “ . . . has jurisdiction over the person or property of the defendant, or over the status involved . . . ”
There is no showing of any service, seizure of property, or other acquisition of jurisdiction over Burns in the suit. There is no question of status involved. Since the trial court did not have jurisdiction over the person or property of the defendant, the curator ad hoc was improperly appointed.[1] Ray v. South Central Bell Telephone Company, 315 So.2d 759 (La.,1975); Lafayette Insurance Company v. Weiss, 297 So.2d 681 (La.App. 4 Cir. 1974).
At the hearing on the question of whether the curator ad hoc should be paid expenses to travel to Arkansas for the deposition, the curator moved alternatively to be relieved of his appointment (TR. 69). The motion was well taken and it should have been granted. We do not reach the other issues.
It is ordered, therefore, that the writ of certiorari issued in these proceedings be made absolute, that the curator ad hoc, Carey D. Bearden, be relieved of his duties and discharged, and that the trial court fix a reasonable fee for his services prior to his discharge. The plaintiff procured the order of the trial court appointing Bearden and is therefore cast for costs associated with his appointment and with this appeal. Taxing of other costs is referred to the merits.
WRIT MADE ABSOLUTE.

. Jurisdiction was not sought under LSA-R.S. 13:3474, the non-resident motorist statute, or LSA-R.S. 13:3201 et seq., the “long arm” statute.