384 So.2d 474 (1980)
Mary Knight AHLERS, Plaintiff-Appellee,
v.
Joseph Richard AHLERS, Jr., Defendant-Appellant.
No. 14119.
Court of Appeal of Louisiana, Second Circuit.
May 6, 1980.
*475 Roland V. McKneely, Jr., Bossier City, for defendant-appellant.
Peters, Ward, Bright & Hennessy, by J. Patrick Hennessy, Shreveport, for plaintiffappellee.
Before PRICE, MARVIN and JONES, JJ.
JONES, Judge.
Plaintiff, Mary K. Ahlers, who is domiciled in Bossier Parish, sues her ex-husband, Joseph R. Ahlers, Jr., to accrue past due alimony in a divorce judgment. She also requests attorney fees. Defendant excepts to jurisdiction of the Bossier Parish Court to enforce the Orleans Parish judgment, which exception was overruled. He also excepts to the accrual of any alimony payment due for more than three years. This exception was sustained. The ex-husband then filed against his former wife in Bossier Parish a rule to show cause why the alimony should not be terminated, why the custody of the son (the remaining minor) should not given to the father, and why the mother should not be ordered to pay child support to the father. The mother filed a declinatory exception to this rule, and the exception was sustained by the trial court. The trial court rendered judgment against defendant, ordering him to pay plaintiff $5825 in non-prescribed alimony payments. He appeals, and plaintiff answers the appeal requesting attorney fees. We amend to allow the defendant credit on his alimony for sums paid by him for the education of his daughter and further amend to award plaintiff attorney fees, and as amended affirm.
Plaintiff and defendant were divorced in 1968 in Orleans Parish. The judgment of divorce ordered defendant to pay plaintiff $200 per month as alimony and granted plaintiff custody of the two minor children, a son and a daughter. The husband paid monthly $175 of his $200 per month alimony obligations until June 1977 when his son came to live with him in Waco, Texas. The daughter, now a major, began college in September 1977 and defendant paid at least 75% of her college expenses. Defendant stopped paying his daughter's college expenses in May 1979 because of her poor grades and because of her refusal to move into the dormitory. In June 1979 plaintiff instituted this suit to recover the past due alimony. Defendant, a Texas resident, was personally served in Bossier Parish. Defendant also received service under the Long-Arm Statute by registered mail, receipt of which he refused.
Defendant's first contention is that the Bossier Parish court was without jurisdiction to accrue the alimony payments and make them executory because LSA-CCP art. 3941[1] makes venue exclusive in Orleans *476 Parish. As can be seen by a casual perusal, Article 3941 does not refer to suits to enforce the payment of alimony.
The record reveals that defendant received by registered mail citation and a certified copy of the petition, as per LRS 13:3204[2] of the Long-Arm Statute. Jurisdiction was obtained over defendant under the Long-Arm Statute by application of the recent amendment to LRS 13:3201 which added Section F to the statute and which reads as follows:
"A court may exercise personal jurisdiction over a nonresident, who acts directly or by an agent, as to a cause of action arising from the nonresident's ...
(f) Non-support of a child or spouse or a former spouse domiciled in this state to whom an obligation of support is owed and with whom the nonresident formerly resided in this state."
The fact that defendant refused to receive the registered mail service does not affect its validity, for defendant will not be allowed to defeat proper service by simply refusing acceptance of the letter. See Thomas Organ Co. v. Universal Music Co., 261 So.2d 323 (La.App.1st Cir. 1972); Howard Ave. Realty Corp. v. McIntosh, 352 So.2d 348 (La.App.4th Cir. 1977). As stated in Thomas Organ at p. 327:
"Under the clear wording of the abovequoted statute, all that is necessary to constitute service upon a non-resident under the `Long-Arm' statute is that counsel for plaintiff send a certified copy of the citation and of the petition in the suit to the defendant by registered or certified mail (or actually deliver it in person). There is ... no requirement for a signed return receipt ...
To allow a defendant to defeat service of process by refusing to accept a registered letter ... would make a mockery of R.S. 13:3204 and render it completely ineffective."
Venue in a Long-Arm Statute case is proper at plaintiff's domicile. See LRS 13:3203[3].
The defendant cites Dupuy v. Dupuy, 357 So.2d 23 (La.App.3d Cir. 1978); Caldwell v. Gilbert, 253 So.2d 639 (La. App.3d Cir. 1971); White v. White, 272 So.2d 469 (La.App.3d Cir. 1972); Dupre v. Pelotto, 336 So.2d 329 (La.App.1st Cir. 1976); and Hopkins v. Hopkins, 300 So.2d 661 (La.App.3d Cir. 1974), as authority for the proposition that only the Orleans Parish Court has authority to enforce the nonresident defendant's obligation to pay alimony to his former spouse. All of these cases dealt with an attempt to modify a judgment by a court other than the court wherein the judgment was rendered. Only Dupuy v. Dupuy, supra, contained an attempt to enforce past due alimony and the husband there was not domiciled out of state and the Long-Arm Statute was not there applicable. In this case there is no attempt being made by plaintiff to modify the alimony award in the Orleans judgment and the Long-Arm Statute is applicable because defendant is a Texas domiciliary and for these reasons the cited cases are not applicable. Defendant's objection to the venue or the jurisdiction of Bossier Parish over the present subject matter is inappropriate because the assumption of jurisdiction by Bossier Parish is sanctioned by the Long-Arm Statute.
*477 Defendant further contends that if he must pay the accrued alimony, then he should receive credit on payments since June 1977 because his son has lived with him since that time. The testimony of both plaintiff and defendant as well as the trial court's finding of fact reveals that plaintiff and defendant agreed that the $200 per month payment (denominated as permanent alimony awarded plaintiff in the divorce decree) was actually intended to be for the children's support. Plaintiff agreed to call the payment alimony so as to get an uncontested divorce and to allow defendant to get a tax deduction on the alimony payments. Defendant would have us read into the divorce decree this agreement so that he may obtain credit on this alimony (which he would have us call "child support") for the time his son has spent with him. Such a change in substance of the Orleans judgment is forbidden by LSA-CCP art. 1951[4] (which prohibits changes in substance) as well as by our jurisprudence. This same problem was presented in McGee v. McGee, 157 So.2d 312 (La.App.4th Cir. 1963), in which the divorce decree provided the permanent alimony was for the wife and two children. The evidence reflected that the husband had agreed to pay alimony only to the children and not to the wife, and the husband sought to change the judgment because of this evidence. The Fourth Circuit held this was a change in substance, not allowed by LSA-C.C.P. art. 1951, and the judgment had become final as it applies to the wife, and therefore she cannot now be deprived of her alimony. See also Arcemont v. Arcemont, 162 So.2d 813 (La. App.4th Cir. 1964); King v. King, 253 So.2d 660 (La.App.1st Cir. 1971); Hug v. Hug, 230 So.2d 333 (La.App.4th Cir. 1970); Allen v. Commercial Nat'l. Bank in Shreveport, 243 La. 840, 147 So.2d 865 (1962). The judgment granting plaintiff permanent alimony has become final and cannot now be amended to change its substance from a judgment of alimony to a judgment of child support.
Defendant claims that if a judgment ordering past due alimony to be paid should be rendered, then he should be given credit on his payments for the time his minor son spent with him. Whereas the jurisprudence allows credit on child support to be given for time spent with the non-custodial parent at the request of the custodial parent (see Henson v. Henson, 350 So.2d 979 (La. App.2d Cir. 1977)) there is no such credit allowed on alimony support for the wife. Since there is no child support judgment here but only a judgment for the support and maintenance of plaintiff, there is no credit due for the time the minor spent with defendant.
The defendant testified that his former wife agreed that in lieu of his alimony payment to her he could pay the cost of their daughter's attending college. The wife did not deny that she made this agreement. The trial court alluded to it in the reasons for judgment. The daughter began attending college in September 1977 and defendant paid at least 75% of all her expenses through May 1979. Though defendant had paid no alimony since June 1977, the plaintiff took no action to enforce payment of alimony until June 1979. She testified the reason she sought enforcement of the alimony obligation at this time was because of defendant's cessation of payment of their daughter's college expenses. We believe the totality of the evidence established an agreement by the wife with the defendant that she would accept in lieu of her monthly alimony the payment by defendant of their daughter's college expenses.
From September 1977 through May 1979 defendant paid his daughter's college expenses in lieu of paying alimony to his wife. Plaintiff may waive her rights under an alimony judgment by agreement with her ex-husband. Duplechan v. Duplechan, 270 So.2d 264 (La.App.3d Cir. 1972).

*478 "... the party in whose favor the judgment was rendered may make arrangements with the party liable for payment of alimony ... in a way other than direct payments or may waive rights under the judgment." Seifert v. Seifert, 374 So.2d 157 (La.App. 1st Cir. 1979) at p. 159.
See also Cotton v. Wright, 193 La. 520, 190 So. 665 (1939); Succn. of Mioton, 201 La. 879, 10 So.2d 688 (1942); McFerrin v. McFerrin, 225 So.2d 40 (La.App.2d Cir. 1969); Wisdom v. Wisdom, 356 So.2d 1111 (La.App.2d Cir. 1978). We find that plaintiff and defendant have altered the method of payment of the alimony by their agreement and therefore defendant should receive credit on the past due alimony for the installments due for the period he paid his daughter's college expenses from September 1977 through May 1979.
Defendant alternatively contends if the Bossier court has jurisdiction to enforce his alimony obligation that it has jurisdiction to change the Orleans child custody award and alimony award designed to provide child support, and to award child support to defendant. Once the trial court's jurisdiction attaches, it continues exclusively for the purpose of modifying its own alimony judgment, child custody and child support award. Caldwell v. Gilbert; White v. White; Hopkins v. Hopkins; Dupre v. Pelotto, supra. Even if both parties agree to confer jurisdiction on a court other than the one which rendered the alimony or child support, they cannot consensually change the exclusivity of the original court's venue, and venue elsewhere to modify the judgment is still improper. Dupuy v. Dupuy, supra. The trial court was therefore correct in sustaining plaintiff's exception to the Bossier Court's jurisdiction over these matters.
Beginning in June 1979 when defendant terminated payment of his daughter's college expenses, he violated the agreement with his former wife, upon which agreement he has based his contention that he no longer owed alimony under the judgment. The wife testified that defendant's conduct in this regard motivated her to employ an attorney and sue for her alimony because she needed the funds to pay her daughter's college expenses. Under these circumstances, the husband had no reasonable explanation for his failure to pay his wife alimony subsequent to May 1979, and the wife is entitled to an attorney fee award under the provisions of LRS 9:305. While the defendant might contend that even after he terminated payment of his daughter's college expenses he continued to have a reasonable basis for withholding payment of his wife's alimony because he had custody of his minor son, whose support part of his wife's alimony was designed to cover, we conclude that such a contention by defendant would be without merit because it would be contrary to LSA-C.C.P. art. 1951 and the cases interpreting it which were earlier cited. We believe an award for attorney's fees of $1,000 is reasonable. See Thompson v. Courville, 372 So.2d 579 (La.App.3d Cir. 1979); Bruner v. Bruner, 373 So.2d 971 (La.App.2d Cir. 1979). The attorney fee award should bear 7% interest from the date the trial court judgment was made. See Alexander v. Burroughs, 359 So.2d 607 (La.1978).
For reasons assigned the judgment appealed from is AMENDED as follows:
The $5,825 award for past due alimony is reduced by $4,200 to $1,625. The $4,200 reduction is the total of the installments due as reflected in said judgment from September 15, 1977 until May 30, 1979, and the interest on these installments awarded in the judgment is also eliminated.
The plaintiff is awarded the sum of $1,000 in attorney's fees with 7% interest from October 11, 1979, the date of the trial court judgment.
As AMENDED the judgment is AFFIRMED with all costs on appeal assessed equally to the litigants.
NOTES
[1] LSA-C.C.P. 3941"An action for an annulment of marriage, for a separation from bed and board, or for a divorce shall be brought in a parish where either party is domiciled, or in the parish of the last matrimonial domicile.

The venue provided in this article may not be waived, and a judgment rendered in any of these actions by a court of improper venue is an absolute nullity."
[2] LRS 13:3204"A certified copy of the citation and of the petition in a suit under R.S. 13:3201 shall be sent by counsel for the plaintiff to the defendant by registered or certified mail, or actually delivered to the defendant by an individual designated by the court in which the suit is filed, or by one authorized by the law of the place where the service is made to serve the process of any of its courts of general jurisdiction.

Service of process so made has the same legal force and validity as personal service on the defendant in this state."
[3] LRS 13:3203"A suit on a cause of action described in R.S. 13:3201 may be instituted in the parish where the plaintiff is domiciled, or in any parish of proper venue under any provision of the Louisiana Code of Civil Procedure other than Article 42."
[4] LSA-CCP art. 1951"A final judgment may be amended by the trial court at any time, with or without notice, on its own motion or on motion of any party:

(1) To alter the phraseology of the judgment, but not the substance; or
(2) To correct errors of calculation."