**COMMUNITY TRUST BANK,
Plaintiff–Appellant,**

v.

**Mike ANDERSON, Defendant–
Respondent.**

No. 24670.

Missouri Court of Appeals,
Southern District,
Division One.

Oct. 30, 2002.

James R. Schumacher and Douglas S. Evans, Springfield, for appellant.

Jon S. Hutcheson, Houston, for appellant.

PHILLIP R. GARRISON, Judge.

Community Trust Bank ("Bank") appeals from an order of the circuit court of Texas County ("the Missouri court") granting the motion of Mike Anderson ("Anderson") to quash a judgment rendered against him by a trial court in Lincoln Parish, Louisiana ("the Louisiana court") for want of sufficient service of process. We affirm.

This case has as its genesis a Petition for Amount Due with Recognition of Security Interests filed in the Louisiana court by Bank on November 12, 1997. In its petition, Bank alleged it was a Louisiana banking institution, that its primary place of business was Lincoln Parish, Louisiana, and that Anderson was "domiciled in Cabool, Missouri." It further alleged, inter alia, that (1) Bank held a promissory note for $37,393.55 which was executed on April 3, 1997 by Park Place Development Inc. ("Park Place"), a Louisiana corporation doing business in Louisiana; (2) payment on the note was past due; (3) Anderson had executed a Guaranty Agreement on February 22, 1995 wherein he agreed to be held 100 percent liable on Park Place's debt to Bank, and (4) Bank desired to serve process on Anderson, as an officer of Park Place, pursuant to Louisiana's Long Arm Statute, as the cause of action arose out of Park Place's transaction of business in Louisiana.

Louisiana's Long Arm Statute provides, in pertinent part:

§ 3201 Personal jurisdiction over non-residents

A. A court may exercise personal jurisdiction over a nonresident, who acts directly or by an agent, as to a cause of action arising from any one of the following activities, performed by the nonresident:

(1) Transacting any business in this state.

. . . .

B. In addition to the provisions of Subsection A, a court of this state may exercise personal jurisdiction over a nonresident on any basis consistent with the constitution of this state and of the Constitution of the United States.

. . . .

§ 3204 Service of Process

A. A certified copy of the citation and of the petition in a suit under R.S. 13:3201 shall be sent ... to the defendant by registered or certified mail, or actually delivered to the defendant by commercial courier, when the person to be served is located outside of this state ... or by one authorized by the law of the place where the service is made to serve the process of any of its courts of general, limited, or small claims jurisdiction.

. . . .

C. Service of process so made has the same legal force and validity as personal service on the defendant in this state.

. . . .

§ 3205 Default judgment; proof of service of process

No default judgment can be rendered against the defendant until thirty days after the filing in the record of the affidavit of the individual who either:

(a) mailed the process to the defendant, showing that it was enclosed in an envelope properly addressed to the defendant, with sufficient postage affixed, and the date it was deposited in the United States mails, to which shall be attached the return receipt of the defendant; or

(b) actually delivered the process to the defendant, showing the date, place, and manner of delivery.

La. R.S. 13:3201, 3204, 3205 (2002).

The records of the Louisiana court include an affidavit of service, filed on December 17, 1997, which indicates a certified copy of the petition in question was sent to Anderson by certified mail, restricted delivery, return receipt requested, to Anderson's address in Cabool, Missouri on November 17, 1997.[1] The return envelope attached to the affidavit shows attempts were made to deliver the package in Cabool on November 20 and November 26, 1997, and that the package was returned marked "unclaimed" on December 9, 1997.

The Louisiana court declared a preliminary default in favor of Bank on January 26, 1998 and, on January 30, 1998, issued a judgment against Anderson in the amount of $37,393.55 with interest thereon in the amount of 11.5% plus attorney's fees and court costs. The Louisiana court noted that Bank's petition "suggest[ed]" that Anderson "was served in accordance with the requirements of R.S. 13:3201, et. seq. by certified mail, although the service package was returned 'unclaimed', with an

---

1. In his brief to this court, Anderson claims that, at the time service of process was attempted, he was residing in Columbia, Missouri, where he was attending law school full-time at the University of Missouri. The record is unclear on this point, although there are indications Anderson maintained a Columbia residence close in time to when service of process was attempted.

Affidavit of Service of [Anderson] in accordance with the Long Arm Statute being filed herein on December 17, 1997." Anderson filed no pleading, nor did he make an appearance in the Louisiana court.

Following several months during which Bank attempted unsuccessfully to exact payment of the judgment, or a settlement agreement for repaying the same, Bank filed in the Missouri court a Petition to File Foreign Judgment, seeking to register the judgment of the Louisiana court pursuant to Rule 74.14.[2] A Notice of Filing of Foreign Judgment was filed in the Missouri court on the same day, including a certificate of service indicating the notice had been mailed to Anderson's address in Cabool, as well as to his law school address in Columbia, Missouri. Again, Anderson filed no pleading, nor did he make an appearance to contest the filing of the foreign judgment in the Missouri court.

On June 8, 1998, Anderson entered into a settlement agreement with Bank wherein Anderson agreed, partly in consideration of Bank not executing on the judgment, to pay the judgment via annual installments of $10,000, beginning on the date of the agreement. At oral argument, Anderson claimed to have paid $17,000 to Bank in partial fulfillment of the terms of this agreement. There is no evidence in the record confirming or refuting this claim.

On April 24, 2001, Bank filed in the Missouri court a Motion for Revival of Judgment Pursuant to Rule 74.09. The Missouri court issued an order the following day ordering Anderson to show cause why the judgment should not be revived. On June 4, 2001, Anderson filed in the Missouri court a Motion to Quash Purported Judgment, Revival of Purported Judgment, and Post–Judgment Discovery Pursuant to Purported Judgment. The motion, filed pursuant to Rule 74.06(b)(4)-(5) and Rule 74.09, alleged, inter alia, that Anderson "was not served with service of process prior to the purported Judgment being rendered in Louisiana," and that the "purported judgment is void as to [Anderson] in that it violates fundamental due process of law as to service of process and opportunity to appear in that [Anderson] was in fact not served with service of process nor was a factual basis for the application of Louisiana's 'long arm' statute specifically stated in said purported judgment."

On July 19, 2001, Bank filed suggestions in opposition to Anderson's motion, arguing therein that Bank and Anderson had, on numerous occasions following entry of the judgment in the Louisiana court, corresponded by telephone and by mail regarding repayment of the judgment. Bank pointed to the settlement agreement of June 8, 1998 as evidence that Anderson acknowledged the jurisdiction of the Louisiana court and, by extension, the propriety of the service of process connected with that suit. The Missouri court heard argument on October 2, 2001 and entered an order on October 26, 2001 sustaining Anderson's motion to quash the judgment of the Louisiana court. The only specific finding of fact or law made by the Missouri court in its order was that "[Bank's] Louisiana judgment registered herein should be set aside as void." This appeal followed.

The judgment of a trial court will be affirmed unless "there is no substantial evidence to support it, unless it is against

---

**2.** References to Missouri Rules are to Missouri Rules of Civil Procedure (2002) unless otherwise indicated.

the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law." *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976).[3] However, we do not defer to the trial court's determinations of law. *Sentinel Acceptance, Ltd., L.P. v. Hodson Auto Sales & Leasing, Inc.,* 45 S.W.3d 464, 467 (Mo.App. W.D.2001).

In its first point relied on, Bank argues that the Missouri court "erred in sustaining [Anderson's] motion to quash the purported judgment in that [Anderson] was properly served process in accordance with Louisiana's long-arm statute because a factual basis existed to invoke said statutes and all procedural requirements of said statutes were strictly met." On the basis of the record before us, and the law we are compelled to follow, we disagree.

█ It is well settled that this court must give full faith and credit to the valid judgment of the court of a sister state, unless there is (1) lack of subject matter jurisdiction, (2) lack of personal jurisdiction, or (3) fraud in the concoction or procurement of the judgment. *Phillips v. Fallen,* 6 S.W.3d 862, 864 (Mo. banc 1999) (citing *Shaffer v. Heitner,* 433 U.S. 186, 210, 97 S.Ct. 2569, 53 L.Ed.2d 683 (1977), and *Pennoyer v. Neff,* 95 U.S. (5 Otto) 714, 729, 24 L.Ed. 565 (1877)); *Scott v. Scott,* 441 S.W.2d 330, 333 (Mo.1969); *In re Veach,* 365 Mo. 776, 287 S.W.2d 753, 759 (banc 1956).

█ Louisiana law governs our interpretation of that state's long-arm statute. *Schumacher Elevator Co., Inc. v. Springfield Elevator Co., Inc.,* 804 S.W.2d 42, 45 (Mo.App. S.D.1991); *State ex rel. Schimmer v. Wall,* 774 S.W.2d 864, 870 (Mo.App. S.D.1989). We take judicial notice of the statutes and case law of a sister state where the pleadings indicate that jurisdiction's law must be applied. Sections 490.080, 509.220.2;[4] Rule 55.21(b); *Robinson v. Gaines,* 331 S.W.2d 653, 655 (Mo. 1960); *Schumacher* at 45. "The construction of a statute by the courts of the state in which it was enacted becomes in effect a part of the statute." *Schumacher* at 45 (*citing Ramey v. Missouri Pac. R.R. Co.,* 323 Mo. 662, 21 S.W.2d 873, 877 (1929), *cert. denied,* 280 U.S. 614, 50 S.Ct. 162, 74 L.Ed. 655 (1930)).

█ The courts of Louisiana have consistently held that strict compliance with the procedural requirements of that state's long-arm statute is required in order to assert jurisdiction over a nonresident defendant. *Clay v. Clay,* 389 So.2d 31, 37 (La.1979); *Decca Leasing Corp. v. J.M. Torres, M.D.,* 465 So.2d 910, 913 (La.App. 1985); *Howard Ave. Realty Corp. v. McIntosh,* 352 So.2d 348, 350 (La.App.1977) (court did not "quarrel with the settled jurisprudence that the Long Arm Statute is in derogation of a common right and must be fully and strictly complied with in order to satisfy the requirements of due process"). Anderson concedes the Louisiana court had subject matter jurisdiction in this case. He argues, however, that the strict compliance required by the courts of Louisiana concerning service of process did not occur here and that, therefore, the Louisiana court never acquired personal jurisdiction over him, a prerequisite to any valid judgment being entered against him in that court. *See Clay* at 37. We are compelled by the facts of this case to agree.

---

**3.** *Murphy* interpreted the provisions of Rule 73.01(c). The provisions of that rule now appear in essentially the same form in Rule 84.13(d).

**4.** References to Missouri statutes are to RSMo (2000) unless otherwise indicated.

The affidavit of service dated December 17, 1997 indicates the secretary for Bank's attorney in Louisiana sent a certified copy of the petition in question to Anderson by certified mail, restricted delivery, return receipt requested, to Anderson's address in Cabool, Missouri on November 17, 1997. The return envelope attached to the affidavit shows the post office attempted to deliver the package on November 20 and November 26, 1997, and that the package was returned marked "unclaimed" on December 9, 1997. The blank next to the designation "refused" is not checked on the return envelope. Bank argues that this affidavit and return receipt indicate Anderson "refused" service of process and, quite correctly, that Louisiana law does not permit one to defeat service of process by refusing to accept that service. *See Ahlers v. Ahlers*, 384 So.2d 474, 476 (La. App.1980); *Howard Ave. Realty Corp.* at 351; *Thomas Organ Co. v. Universal Music Co.*, 261 So.2d 323, 327 (La.App.1972) ("to allow a defendant to defeat service of process by refusing to accept a registered letter ... would make a mockery of R.S. 13:3204 and render it completely ineffective"). We are not persuaded, however, that the return of Bank's package "unclaimed" constitutes "refusal" of service as such an act is contemplated by Louisiana law.

The Louisiana cases cited above for the proposition that one cannot "refuse" a package in order to defeat service of process involve fact patterns distinguishable from the instant case. In *Ahlers*, the defendant, a resident of Texas, personally refused to accept service of process. 384 So.2d at 475. The defendant in *Thomas*

*Organ Co.* similarly refused service of process in person. 261 So.2d at 324. And in *Howard Ave. Realty Corp.*, the return receipt accompanying the service of process was signed and returned; the underlying issue was the legal effect of not attaching the return receipt to the affidavit of service. 352 So.2d at 349. Of particular interest in that case is the court's reference to *Lafayette Ins. Co. v. Weiss*, 297 So.2d 681 (La.App.1974). In that case, the petition and citation that had been mailed to a non-resident defendant were returned with the notation "Moved, not deliverable." *Id.* at 682. The court in *Howard Ave. Realty Corp.* characterized that scenario as a "factual [situation] where no proof existed in the record that the non-resident defendant was ever served in accordance with the [long-arm] statute." 352 So.2d at 350. In our view, the similarity is apparent between (1) a package returned "unclaimed" rather than "refused" and (2) one which is "not deliverable" due to relocation. In neither case can it fairly be said the intended recipient has "refused" service of process in the manner in which Louisiana courts have interpreted such an act.

While Louisiana law governs our determination of this issue, we note that "[o]ur holding is consistent with the strict compliance Missouri requires for the exercise of jurisdiction by its courts over non-residents." *Schumacher Elevator Co.* at 48 (citing *In re Marriage of Southard*, 733 S.W.2d 867 (Mo.App. S.D.1987)); *Gerding v. Hawes Firearms Co.*, 698 S.W.2d 605, 607 (Mo.App. E.D.1985); Rule 54.06. Bank's first point is denied.[5]

---

5. Much was made in Bank's brief and oral argument to this court regarding evidence that Anderson knew of the pending Louisiana suit prior to the rendering of judgment by that court. We grant that the record of correspondence between Bank and Anderson subse-

quent to the failed attempt to serve process on Anderson, but prior to the judgment, belies Anderson's unpersuasive contention that he had no actual knowledge of the proceedings against him prior to the rendering of a judgment against him. Nevertheless, "[o]nly by

Bank's second point relied on alleges the "trial court erred in sustaining [Anderson's] Motion to Quash ... in that [Anderson] waived jurisdiction because [Anderson] failed to properly collaterally attack the judgment in the district court by filing a declinatory exception as mandated by Article 6 of the Louisiana Code of Civil Procedure." We disagree, albeit not for the same reason as does Anderson.

■ Anderson's motion to quash the judgment in the Missouri court was filed pursuant to Rule 74.06(b), which allows a Missouri court to relieve a party from, inter alia, a "void" judgment. However, "[b]roadening the exceptions to the registering of a foreign judgment to include all of the grounds for obtaining relief under Rule 74.06 is not compatible with Missouri Supreme Court case law applying the deeply-rooted Constitutional principle that courts of this state are obligated to give full faith and credit to a foreign judgment unless the judgment is void for lack of personal or subject matter jurisdiction, or it was obtained by fraud." *Sentinel Acceptance, Ltd., L.P.* at 468 (citing *Phillips* at 864). The court in *Sentinel* went on to note that the court in *Phillips* did not recognize "any of the grounds listed in Rule 74.06[] as a basis for refusing to register a foreign judgment." *Id.*

■ Although Rule 74.06 is unavailing to Anderson in refuting Bank's argument that he waived jurisdiction by not contesting the judgment in the Louisiana court, it remains true that "[a] party who questions the validity of service giving a court personal jurisdiction over that party does not have to raise the issue of personal

jurisdiction in that court, and may raise it later when the judgment is filed in another state." *Id.* at 469. While it is true that "when the party litigates the issue of jurisdiction in the initial court proceedings, that court's determination on the issue, right or wrong, is conclusive upon that party and entitled to full faith and credit," that is not the case here. *Id.* In this case, the issue of sufficient notice was not fully litigated in the Louisiana court, as Anderson made no appearance there. He remained free, therefore, to raise it for the first time in the Missouri court by contesting the revival of the registered judgment. Bank's second point is denied.

■ We are not unmindful of the settlement agreement entered into by Bank and Anderson. In that agreement, Anderson promised to pay the Louisiana judgment in consideration of Bank's agreement not to petition the Missouri court to make the judgment against Anderson executory. Apparently, Anderson paid $17,000, or almost one half of the original amount of the judgment, toward fulfilling this agreement. This court has stated that "in a case [where] a party to an action accepts the benefits of a judgment in his favor or acquiesces in a judgment against him, he thereby waives his right to have said judgment reviewed on appeal." *Perkel v. Stringfellow*, 19 S.W.3d 141, 149 (Mo. App. S.D.2000) (quoting *Schulte v. Schulte*, 949 S.W.2d 225, 227 (Mo.App. E.D.1997)). Indeed,

[it] has often been said that a void judgment is no judgment; that it may be attacked directly or collaterally.... It neither binds nor bars anyone....

service of process authorized by statute or rule (or by appearance) can a court obtain jurisdiction to adjudicate the rights of a [party]. Actual notice is insufficient." *Worley v. Worley,* 19 S.W.3d 127, 129 (Mo. banc 2000) (internal citations omitted). *See also In re*

*Justice of Peace Landry,* 789 So.2d 1271, 1277 (La.2001) ("judgment rendered against a defendant who has not been validly cited and served with the petition is absolutely null, even if there is actual notice of the suit"); La. C.C.P. Art. 1201.

[Y]et, notwithstanding, a party to such judgment may voluntarily perform it, by paying the amount adjudged against him and, when paid, no inquiry will be made as to the validity of the judgment; or he may perform the acts required by a void decree, or accept its benefits, and thereby estop himself from questioning the decree. In other words, a party to a void judgment or decree may be estopped from attacking it, either directly or indirectly.

*State ex rel. York v. Daugherty,* 969 S.W.2d 223, 225 (Mo. banc 1998).

However, Bank failed to preserve this argument on appeal. Rule 84.04(e) clearly states that the argument section of an appellant's brief "shall be limited to those errors included in the 'Points Relied On.'" Bank failed to raise the legal principle delineated in the preceding paragraph in its points relied on. Indeed, its sole reference to any such argument appears in a single sentence in the middle of the final substantive paragraph of the argument section of Bank's brief, relating to its second point relied on.[6] Even then, Bank cites to no legal authority for the proposition that Anderson is estopped from contesting personal jurisdiction because of his settlement agreement. The cases cited above for that proposition appear as a result of our independent research. "The function of the appellate court is to examine asserted trial court error, not to serve as advocate for any party to an appeal." *Perkel* at 147. Bare hints of an argument unaccompanied by reference to legal authority leave this court "with the dilemma of deciding [a] case (and possibly establishing precedent for future cases) on the basis of inadequate briefing and advocacy or undertaking additional research and briefing to supply the deficiency. Courts should not be asked to assume such a role." *Thummel v. King,* 570 S.W.2d 679, 686 (Mo. banc 1978).

Summarizing, the evidence in the record fails to show conclusively that Bank met the strict standard applied by the courts of Louisiana in attempting to serve process upon Anderson. The return by the post office of the petition and citation marked "unclaimed" rather than "refused" does not, in our view, constitute the "refusal" of service contemplated by those Louisiana courts that have declared refusal ineffective to defeat service of process. Given the lack of effective service of process, the Louisiana court did not acquire personal jurisdiction over Anderson, and, as a result, the judgment entered against Anderson in that court is not entitled to full faith and credit in Missouri. Moreover, the fact that Anderson did not litigate the issue of personal jurisdiction in the Louisiana court, whether or not in contravention of Louisiana civil procedure, did not prevent him from contesting that issue in the Missouri court. It is, to the contrary, the primary reason he is allowed to do so. The order of the Missouri court sustaining Anderson's motion to quash the Louisiana judgment is, therefore, affirmed.

MONTGOMERY, P.J., and BARNEY, J., concur.

---

6. Bank's second point relied on alleges the "trial court erred in sustaining [Anderson's] Motion to Quash ... in that [Anderson] waived jurisdiction because [Anderson] failed to properly collaterally attack the judgment in the district court by filing a declinatory exception as mandated by Article 6 of the Louisiana Code of Civil Procedure." This point hardly is clarified or buttressed by the "estoppel" argument alluded to in the text of Bank's argument.