Cynthia SCHWARZEN, Respondent,

v.

HARRAH'S ST. LOUIS RIVERPORT, Appellant.

No. ED 80021.

Missouri Court of Appeals, Eastern District, Division Four.

April 2, 2002.

Jonathan T. Barton, St. Louis, MO, for appellant.

Richard K. Dowd, St. Louis, MO, for respondent.

LAWRENCE G. CRAHAN, Judge.

Harrah's St. Louis Riverport ("Employer") appeals the Labor and Industrial Relation Commission's ("Commission") order dismissing its application for review of the Administrative Law Judge's ("ALJ") temporary award of compensation to Cynthia Schwarzen ("Claimant"). We dismiss the appeal for lack of jurisdiction.

Claimant injured her back in a slip and fall accident on December 11, 1997. She filed a claim for workers' compensation benefits, and was eventually given a hearing before the ALJ. Claimant and Employer stipulated that Claimant suffered this injury in the course and scope of Claimant's employment. The ALJ determined that the December 1997 injury was causally related to her current back problems, and awarded temporary or partial disability benefits to be paid by Employer.

Employer filed an application for review, alleging that it was not liable for the payment of any compensation awarded in the temporary award. The Commission dismissed Employer's application, stating that Employer must deny all liability to obtain review of a temporary or partial award, not just liability for the temporary portion of the award. This appeal follows.

■ This court has appellate jurisdiction in workers' compensation cases only as expressly conferred by statute. *Remelius v. McCarthy Brothers, Co.*, 28 S.W.3d 491, 492 (Mo.App.2000). Section 287.495 RSMo 2000 [1] authorizes an appeal from the "final award of the commission" to the appellate court. *Korte v. Fry–Wagner Moving & Storage Co.*, 922 S.W.2d 395, 397 (Mo.App.1996). A "final award" is one which disposes of the entire controversy between the parties, and only a final award is appealable. *Id.*

■ Because awards authorized under section 287.510 "may be modified from time to time . . . . and the same may be kept open until a final award can be made," we generally have no jurisdiction to review awards entered pursuant to this section. *Id.* However, we have looked behind an award's designation as "temporary or partial" in two situations to determine if it is in fact a final award for purposes of appeal. *Korte*, 922 S.W.2d at 398. First, we may review an award designated "temporary and partial" that is not entered pursuant to section 287.510 but is an award of permanent total disability pursuant to section 287.200.2. *Id.* Second, we may review the issue of the employer's liability where an employer claims it is not liable for paying any compensation. *Id.*

1. Unless otherwise indicated, all statutory references are to RMSo 2000.

Since both of Employer's points recite the same basic argument, we will address them together. Employer argues in its first point that the Commission erred in dismissing its application for review because the application stated that Employer was not liable for "*any compensation awarded herein.*" In other words, as Employer contends in its second point, 8 C.S.R. sec. 20–3.040, the regulation governing review of temporary awards, does not require the employer to deny all workers' compensation benefits to Claimant, but merely all compensation awarded within the temporary and partial award.

8 C.S.R. sec. 20–3.040(2) provides:

Any party who feels aggrieved by the issuance of a temporary or partial award by any administrative law judge may petition the commission to review the evidence upon the ground that the applicant is not liable for the payment of any compensation and where the evidence fails to support findings of the administrative law judge as to liability for the payment of compensation. The commission will not consider applications or petitions for the review of temporary or partial awards where the only contention is as to extent or duration of the disability of the employee for the reason that the administrative law judge has not made a final award and determination of the extent or duration of disability.

*Id.* In its argument, Employer attempts to distinguish analogous cases which apply this rule. We disagree with Employer's interpretations of these cases and find them to be dispositive.

First, in *Korte,* an employer appealed the Commission's temporary or partial award on the basis that it had already paid compensation for the claimant's injury and therefore was contesting its liability for the benefits ordered in the temporary award. 922 S.W.2d at 397. This court held that we had no jurisdiction to review the Commission's award because the case did not fall within section 287.200.2 or the denial of liability exceptions to the rule that section 287.510 awards are not final judgments for purposes of appeal. *Id.* at 398. We reasoned that the Commission had not yet resolved the issue of liability with respect to the claimant's disability and need for future medical care, and noted that the employer admitted that the claimant had sustained an accidental work injury. *Id.* at 396, 398.

As in *Korte,* in this case Employer stipulated that Claimant's December 1997 injury arose out of and in the course of her employment with Employer. In its application for review, Employer asserted that it was not liable for compensation under the temporary award because the December 1997 injury was not a substantial factor in her current condition. Thus, similar to the circumstances in *Korte,* Employer is asserting that it is not responsible for current benefits while simultaneously acknowledging that Claimant suffered a work-related injury. Employer is therefore arguing as to the nature and extent of its liability rather than contesting the existence of any liability, which the Commission may not review. *See* 8 C.S.R. sec. 20–3.040(2).

*Lewis v. Container Port Group,* 872 S.W.2d 134 (Mo.App.1994), involved an employer's appeal from the Commission's dismissal of the employer's application for review of a temporary or partial award. *Id.* at 134. In *Lewis,* the employer contended that it was not liable for the portion of the temporary award pertaining to the claimant's sleep apnea, although it did not dispute that the claimant suffered a work-related injury. *Id.* at 135. In dismissing the appeal, we agreed with the Commission that 8 C.S.R. sec. 20–3.040(2) requires an allegation that the employer deny all

liability, not just liability for a portion of the award.

■ Here, Employer denies liability and compensation for Claimant's degenerative disc condition, yet accepts liability for what Employer describes as Claimant's December 1997 musculature strain. Although Employer attributes Claimant's entire temporary or partial award to a degenerative disc condition, Employer's denial of liability for a specific condition allegedly arising out of an admitted work injury is similar to the employer's denial of its employee's sleep apnea in *Lewis*. Therefore, we follow our previous rulings that 8 C.S.R. sec. 20–3.040 requires an allegation that Employer deny all liability, not just liability for the portion of the award that may be attributed to Claimant's degenerative disc condition. *Forkum v. Arvin Industries, Inc.*, 956 S.W.2d 359, 362–63 (Mo. App.1997) (explaining that appellate courts have limited review of temporary awards on the basis of denial of liability only when the appellant contends that the claimant is not entitled to any award at all).

Appeal dismissed.[2]

SHERRI B. SULLIVAN, P.J., and LAWRENCE E. MOONEY, J., Concur.

---

2. Employer's and Claimant's motions to strike   each other's briefs are denied.