Joseph MULLER, Respondent,

v.

ST. LOUIS HOUSING AUTHORITY, Appellant,

and

Treasurer of Missouri, Custodian of the Second Injury Fund, Respondent.

No. ED 85453.

Missouri Court of Appeals, Eastern District, Division Four.

Nov. 1, 2005.

Steven J. McMahon, St. Louis, MO, for appellant.

Leonard P. Cervantes, Eileen Ruppe Krispin, St. Louis, MO, for respondents.

LAWRENCE E. MOONEY, Presiding Judge.

In this workers' compensation case, St. Louis Housing Authority (SLHA) appeals from a partial final award of the Labor and Industrial Relations Commission. Because there is not a final, appealable award, we dismiss for lack of jurisdiction.

### Factual Background

The claimant, Joseph Muller, was employed by Evan Thibault Garden Design, Inc. Thibault was hired by SLHA to perform landscape work at seventeen housing complexes owned by SLHA. While work-

ing at one of these sites, the claimant lifted a wheelbarrow full of debris to empty it into a dumpster and experienced what he described as a "bolt of electricity," which shot down the back of his neck and into his arms and legs. The claimant also felt numbness and a vibration. The claimant experienced these same sensations on several more occasions when he lifted wheelbarrows into the dumpster. The claimant then stopped lifting, attempted light-duty work for a short time, and sought medical attention. An MRI showed a large herniated cervical disc with severe spinal-cord compression. The claimant later underwent three cervical-spine surgeries. The claimant never returned to work, is unable to use his upper extremities for work, and has disabling pain for which injections are currently prescribed for relief.

The claimant filed his workers' compensation claim against both Thibault and SLHA. Thibault did not carry workers' compensation insurance and was later discharged in bankruptcy. The claim against Thibault was dismissed, and the claimant proceeded on his claim against SLHA, asserting that he was the statutory employee of SLHA. The Administrative Law Judge found SLHA to be a statutory employer under Section 287.040.1 RSMo.1994 and liable for benefits to the claimant. The ALJ found that the claimant sustained permanent total disability as a result of the reported neck injury, and awarded him the following: (1) unpaid medical expenses of $187,562.00; (2) out-of-pocket prescription drug expenses in the amount of $2,110.25; (3) 188.57 weeks of temporary

total disability in the amount of $97,926.28; and (4) permanent and total disability beginning May 3, 2001, and continuing for the remainder of the claimant's life. SLHA appealed to the Commission.

On October 19, 2004, the Commission, pursuant to sections 286.090 and 287.510, entered a partial final award affirming the award and decision of the ALJ as to all issues except attorney's fees and past medical expenses. The Commission modified the ALJ's allowance of attorney's fees. The Commission, however, did not decide the issue of past medical expenses and left the issue open for future determination. By separate order, the Commission remanded the issue of past medical expenses to the Division of Workers' Compensation to schedule a hearing on various issues related to the past medical expenses.

Although the issue of past medical expenses had been remanded to the Division, SLHA filed an appeal of the Commission's October 19, 2004 partial final award with this Court. SLHA contends the Commission erred in finding SLHA to be a statutory employer, and in finding that the claimant suffered an injury that arose out of and in the course of his employment.[1]

### Discussion

This Court has a duty to determine *sua sponte* whether it has jurisdiction. *Lane v. Lensmeyer*, 158 S.W.3d 218, 222 (Mo. banc 2005). Without jurisdiction, the appeal must be dismissed. *Id.* This Court has no appellate jurisdiction in a workers' compensation case except as expressly conferred by statute. *Schwarzen*

1. While this appeal was pending, the Division, upon remand, held a hearing on the unpaid medical expenses, received evidence, and then forwarded a transcript to the Commission. The Commission issued an order concluding that it had no jurisdiction to consider the material presented in the remand hearing because it no longer had jurisdiction to consider the case, as the case was on appeal to this Court. This order, while not directly at issue in this appeal, was erroneous because, as we here hold, the partial final award of October 19, 2004 was not properly subject to appeal. Thus, the Commission retained jurisdiction over this workers' compensation claim and the issue of past medical expenses.

v. *Harrah's St. Louis Riverport,* 72 S.W.3d 223, 224 (Mo.App. E.D.2002). Section 287.495 authorizes an appeal from the "final award of the commission" to the appellate court. *Id.* A "final award" is one which disposes of the entire controversy between the parties. *Id.* An award is final only when the Commission arrives at a terminal, complete resolution of the case before it. *Lewis v. Container Port Group,* 872 S.W.2d 134, 136 (Mo.App. E.D.1994). Only a final award is appealable. *Schwarzen,* 72 S.W.3d at 224.

The Commission's award in this case was designated as a partial final award and entered, in part, pursuant to section 287.510. No appeal lies from a temporary or partial award made pursuant to section 287.510. *Korte v. Fry–Wagner Moving & Storage Co.,* 922 S.W.2d 395, 397 (Mo.App. E.D.1996). There are, however, two situations where reviewing courts have looked behind an award's designation as temporary or partial to determine if it is in fact a final award for the purposes of appeal. *Id.* at 398. First, this Court may review an award designated as temporary or partial if it is not entered pursuant to section 287.510 but is an award of permanent total disability pursuant to section 287.200.2. *Id. citing Abrams v. Ohio Pacific Express,* 819 S.W.2d 338, 343 (Mo. banc 1991) and *Smith v. Ozark Lead Co.,* 741 S.W.2d 802, 808–10 (Mo.App. S.D.1987)(overruled on other grounds in *Hampton v. Big Boy Steel Erection,* 121 S.W.3d 220, 223 (Mo. banc 2003)). Second, this Court may review the issue of the employer's liability where an employer claims it is not liable for paying any compensation. *Korte,* 922 S.W.2d at 398 *citing Woodburn v. May Distributing Co.,* 815 S.W.2d 477 (Mo.App. S.D.1991)(overruled on other grounds in *Hampton,* 121 S.W.3d at 223).

This case does not fall within either of these two judicially-crafted exceptions to the final-award requirement. The claimant contends the Commission's award is a final award for purposes of appeal under the first exception because the ALJ made a finding of permanent total disability pursuant to section 287.200. However, while the Commission affirmed the award of permanent total disability, it left the issue of past medical expenses open for future determination. That issue is still pending. In those cases that first crafted and applied this exception to the final-award requirement, the Commission's award had resolved all issues in the case and disposed of the entire controversy between the parties as of the date of the award, save for future medical aid, an issue that, by its very nature, was not then capable of being adjudicated. *See Smith,* 741 S.W.2d at 810; *Abrams,* 819 S.W.2d at 339. Such is not the case here. The parties have not directed us to a case, nor has our independent research revealed one, where the appellate court found an award of permanent total disability final for purposes of appeal even though designated as temporary or partial, where the Commission had left open an issue such as past medical expenses, which was then capable of determination.

Similarly, despite the parties' contentions to the contrary, this case also does not come within the second judicially-crafted exception to the final-award requirement. Under the second exception, limited review on the issue of the employer's liability is permissible, even though the award is designated as temporary or partial. *Woodburn,* 815 S.W.2d at 481. This second exception derives from the procedure set forth in 8 C.S.R. 20–3.040. *See Schwarzen,* 72 S.W.3d at 225. This regulation provides for prompt review by the Commission, on issues of liability, from

temporary or partial orders of administrative law judges. The regulation allows a party to file an application for review with the Commission after the issuance of a temporary or partial award by the ALJ, upon the ground that the party is not liable for payment of any compensation. 8 C.S.R. 20–3.040. Accordingly, the Southern District concluded it had jurisdiction to review a decision of the Commission that was based on an appeal permitted by this state regulation, where an employer is contesting liability only. *See Woodburn*, 815 S.W.2d at 480–1.

The facts of the instant case are unlike that in the *Woodburn* case and its progeny. This is not a case where the Commission was reviewing a temporary or partial award issued by the ALJ, under the appeal process provided for by the state regulation. Rather, the award in this case became a partial award by action of the Commission when it affirmed a portion of the ALJ's award, but left the issue of past medical expenses open for future determination and remanded the issue to the Division for further hearings. Again, the parties have not directed us to a case where the appellate court has found a partial award final for purposes of appeal under these circumstances.

Indeed, to allow an appeal in the instant case would subvert the legislature's requirement of finality as a necessary precondition to the right to appeal. Again, a "final award" is one which disposes of the entire controversy between the parties, and an award is final only when the Commission arrives at a terminal, complete resolution of the case before it. Only a final award is appealable. If we were to allow an appeal here, where the Commission has specifically reserved the issue of past medical expenses for further adjudication, we would encourage piecemeal litigation of workers' compensation awards and waste judicial resources. For example, in the instant case, if we were to affirm the partial final award, the adjudication of past medical expenses would still be subject to review of the Commission and an appeal to this Court. Further, because the question of future medical expenses is not presently capable of being adjudicated, there may yet be a third review by the Commission and a third appeal to this Court. This is exactly the type of piecemeal litigation and waste of judicial resources that the finality rule seeks to avoid. In sum, there is no reason for this Court to exercise its appellate jurisdiction when the Commission has not exhausted its jurisdiction by resolving all issues presently capable of determination.

To conclude, the Commission issued a partial final award, leaving open the issue of past medical expenses for future determination. Therefore, the Commission did not come to a complete, final resolution of all issues before it, and the award did not dispose of the entire controversy between the parties. The Commission's award, accordingly, is not a final award. Further, this case does not fit within either of the two judicially-crafted exceptions to the final-award requirement, which we decline to expand. Thus, this Court is without jurisdiction to hear this appeal.

The appeal is dismissed.[2]

MARY K. HOFF and GEORGE W. DRAPER, III, JJ., concur.

---

2. SLHA's Motion to Strike and For Sanctions    is denied.