Anthony ELDRIDGE, Respondent,

v.

Bob BARNES and Carolyn Newton d/b/a White Rose Family Restaurant, Appellants,

and

Treasurer of Missouri as Custodian of Second Injury Fund, Respondent.

No. ED 86282.

Missouri Court of Appeals,
Eastern District,
Division Three.

April 11, 2006.

Bob Barnes, Pro Se, Auxvasse, MO, for appellant.

Paul A. Seigfreid, Mexico, MO, Diane F. Peters, Jefferson City, MO, for respondents.

LAWRENCE E. MOONEY, Judge.

Bob Barnes appeals the Labor and Industrial Relations Commission's order re-

turning his application for review. We dismiss the appeal for lack of jurisdiction.

This is a workers' compensation case in which the Administrative Law Judge at the Division of Workers' Compensation awarded benefits to the claimant, Anthony Eldridge. In awarding benefits, the ALJ found that an employer-employee relationship existed between Bob Barnes and the claimant, and imposed employer liability on Mr. Barnes. The ALJ further found that Mr. Barnes was uninsured.

Mr. Barnes, through his attorney, filed an application for review to the Labor and Industrial Relations Commission on May 10, 2004, asserting error in the ALJ's finding that he was the claimant's employer. The Commission heard oral arguments on April 5, 2005. During argument, the claimant's attorney made an oral request to dismiss Mr. Barnes's application for review because Mr. Barnes had been determined to be an uninsured employer subject to and operating pursuant to the Workers' Compensation Act, but had not filed a bond with his application for review, as required by Section 287.480.2 RSMo.

By order of April 13, 2005, the Commission found that, because Mr. Barnes had not filed proof that he had a bond as required by statute and regulation, the Commission was without jurisdiction, and that the application for review was a nullity. The Commission returned the application for review to Mr. Barnes's attorney, as if it had never been filed.

Mr. Barnes now appeals to this Court, alleging that the Commission erred in dismissing his case based on his failure to file an appeal bond because the requirement of filing a bond before an appeal to the Commission can proceed violates his rights to due process and equal protection.[1]

 This Court has a duty to determine *sua sponte* whether it has jurisdiction to hear an appeal. *Muller v. St. Louis Housing Authority*, 175 S.W.3d 191, 193 (Mo.App. E.D.2005). Without jurisdiction, the appeal must be dismissed. *Id.* This Court has no appellate jurisdiction in a workers' compensation case except as expressly conferred by statute. *Id.* at 193–94.

 Section 287.495 authorizes an appeal from the "final award of the commission" to the appellate court.[2] *Id.* at 194. A related section of the Workers' Compensation Act provides, in pertinent part, as follows:

> An employer who has been determined by the division to be an employer subject to and operating pursuant to this chapter and has also been determined to be uninsured may file an application for review but such application for review shall be accompanied with and attached to the application for review a bond which shall be conditioned for the satisfaction of the award in full. . . . No appeal to the commission shall be considered filed unless accompanied by such bond and **such bond shall also be a prerequisite for appeal as provided in section 287.495 and such appeal pursuant to section 287.495 shall not be considered filed unless accompanied by such bond. . . .**

Section 287.480.2 (Emphasis added). In accord with this statutory section, state

---

1. Mr. Barnes was represented by counsel when his appeal was filed. After the briefs on appeal were filed, counsel withdrew, and Mr. Barnes proceeded *pro se.*

2. For purposes of this appeal, we need not decide whether the Commission's order in this case returning Mr. Barnes's application for review is considered a "final award" pursuant to section 287.495.

regulation 8 CSR 20–3.070(2) provides as follows:

Any uninsured employer subject to the Workers' Compensation Act must file a certificate of surety or other document issued by a bank, savings and loan institution or an insurance company licensed to do business in Missouri, establishing that the employer has a bond which will satisfy the award in full, if no bond has been filed under 8 CSR 20–3–070(1), with the filing of a Notice of Appeal with the commission. If no bond accompanies the notice of appeal, the Notice of Appeal shall be returned to employer as if never filed. The time limit for filing a Notice of Appeal shall continue to run and shall not be tolled by the filing of the Notice of Appeal without bond.

The legislature has provided for appeals to this Court by an employer found by the Division to be uninsured and subject to and operating pursuant to the workers' compensation act only when the appeal is accompanied by a bond. In the absence of such bond, the appeal shall not be considered filed. By regulation, an uninsured employer subject to the Workers' Compensation Act must file proof of a bond with his notice of appeal, if no bond was previously filed. If no bond accompanies the notice of appeal, the notice shall be returned to the employer as if never filed. The procedures for appeal, as outlined in the statute, are mandatory. *Knuckles v. Apex Industries, Inc.*, 762 S.W.2d 542, 543 (Mo.App. E.D.1988).

Mr. Barnes admitted at oral argument before this Court that no appeal bond has ever been filed, even after his application for review was returned by the Commission. Accordingly, because the Division determined Mr. Barnes to be an uninsured employer subject to and operating pursuant to the Workers' Compensation Act, and because Mr. Barnes's appeal to this Court was not accompanied by the requisite bond, we are constrained by statute and regulation to return his notice of appeal, and to consider his appeal as not filed. We are without jurisdiction to reach the merits of Mr. Barnes's claims.

Appeal dismissed.

KATHIANNE KNAUP CRANE, P.J., and BOOKER T. SHAW, J., concur.