ACCLAIM SYSTEMS,
INC., Respondent,

v.

Conrad A. LOHUTKO, Appellant.

No. ED 89636.

Missouri Court of Appeals,
Eastern District,
Division Three.

March 18, 2008.

Steven A. Trefts, Swansea, IL, for Appellant.

Brent L. Martin, Saint Peters, MO, for Respondent.

## OPINION

GLENN A. NORTON, Judge.

Conrad Lohutko appeals a foreign judgment that was registered in Missouri on March 19, 2007, by the St. Charles County circuit clerk. We dismiss for lack of jurisdiction.

## I. BACKGROUND

Lohutko was employed by Acclaim Systems, Inc. ("Acclaim"), an Illinois corporation with its principal place of business in Pennsylvania, from January 2, 2005, until July 2005. Acclaim instituted the present lawsuit for breach of contract against Lohutko by filing a complaint in the court of common pleas of Bucks County, Pennsylvania, on January 30, 2006. On December 19, 2006, Acclaim mailed to Lohutko a notice of intent to take a default judgment. On December 27, 2006, Lohutko mailed to Acclaim's counsel a special and limited entry of appearance requesting an additional thirty days to file a responsive pleading. This entry of appearance was file-stamped January 3, 2007. On January 5, 2007, default judgment was entered against Lohutko in the amount of $24,481.06. On January 16, 2007, Lohutko mailed to the Pennsylvania court and Acclaim's counsel a motion to dismiss for insufficiency of service of process and lack of personal jurisdiction. Lohutko's motion to dismiss was never decided due to the entry of the default judgment.

On March 16, 2007, Acclaim filed an authenticated copy of the Pennsylvania default judgment with the St. Charles County circuit clerk. The foreign judgment was registered, and notice was mailed to Lohutko, on March 19, 2007. On March 28, 2007, the St. Charles County circuit court issued a garnishment. Thereafter, Lohutko filed three motions with the St. Charles County circuit court. First, on April 6, 2007, Lohutko filed a motion to stay execution of the foreign judgment pursuant to Rule 74.14(d),[1] which was denied. Second, on April 25, 2007, Lohutko filed a motion seeking to quash the garnishment; this motion was also denied. Lastly, on April 26, 2007, Lohutko filed a motion to set aside the foreign default judgment, which was denied.

Lohutko filed this appeal on April 26, 2007. In his notice of appeal, Lohutko stated that he was appealing the Pennsylvania judgment which was registered in Missouri on March 19, 2007. Following the filing of the present appeal, this Court issued an order to show cause directing Lohutko to file a memorandum identifying the decision he was appealing, along with a supplemental legal file containing a copy of a judgment that complies with Rule 74.01(a), or in the alternative, to show cause why this appeal should not be dismissed for lack of a final, appealable judgment. Lohutko's memorandum in response to this Court's order to show cause specifically states that he is not appealing the circuit court's order denying his motions to stay execution of the foreign judgment and to quash garnishment, nor is he appealing the circuit court's order denying his motion to set aside the foreign default

---

1. All references to Rules are to Missouri Supreme Court Rules (2007).

judgment. Instead, Lohutko states that he "appeals and collaterally attacks the foreign judgment that was filed with the St. Charles County Clerk on March 16, 2007." Pursuant to an order of this Court, the jurisdictional issue of whether the registration of the Pennsylvania default judgment is a final, appealable judgment was taken with the case.

## II. DISCUSSION

In his sole point on appeal, Lohutko claims that "the Pennsylvania court erred in entering a default judgment against [him]" because that court lacked personal jurisdiction. Lohutko does not point to any error on the part of a Missouri circuit court.

■ This Court has a duty to *sua sponte* determine whether we have jurisdiction to decide this appeal. *Eldridge v. Barnes*, 189 S.W.3d 182, 183 (Mo.App. E.D.2006). An aggrieved party may appeal from a final judgment of a Missouri circuit court. Section 512.020(5) RSMo 2000.[2] Thus, in order for this Court to have jurisdiction, there must be a final, appealable judgment. *In re Trust of Bornefeld*, 36 S.W.3d 424, 426 (Mo.App. E.D. 2001).

■ With respect to foreign judgments registered with the clerk of a circuit court of this state, Rule 74.14(b) provides that "[a] judgment so filed has the same effect and is subject to the same procedures, defenses, and proceedings for reopening, vacating, or staying as a judgment of a circuit court of this state and may be enforced or satisfied in like manner." Lohutko argues that this rule grants the authority to directly appeal a foreign judgment registered in Missouri. Lohutko cites no authority for this position. Lohutko is correct in asserting that he can challenge a foreign judgment registered in Missouri on the grounds that the foreign court lacked personal jurisdiction in the matter.[3] *Phillips v. Fallen*, 6 S.W.3d 862, 864 (Mo. banc 1999). However, all of the cases dealing with this issue involve appeals from a judgment of a Missouri circuit court granting or denying a motion to stay, vacate or quash the foreign judgment based on lack of personal jurisdiction. *See Gletzer v. Harris*, 159 S.W.3d 462, 464 (Mo.App. E.D.2005) (appellant alleged that a Missouri circuit court erred in denying his motion to set aside the registration of a New York judgment because the New York court lacked personal jurisdiction); *Gibbens*, 108 S.W.3d at 76 (appellant sought review of a Missouri circuit court's decision to sustain respondent's motion to vacate the registration because the Colorado court lacked personal jurisdiction); *Community Trust Bank v. Anderson*, 87 S.W.3d 58, 63 (Mo.App. S.D. 2002) (appellant argued that a Missouri circuit court erred in sustaining respondent's motion to quash a Louisiana judgment because the Louisiana court lacked personal jurisdiction). We find no cases involving a direct appeal from the registration of a foreign judgment.

We find that the plain language of Rule 74.14(b) does not grant the authority to

---

**2.** All statutory references are to RSMo 2000.

**3.** It is not necessary to raise the issue of personal jurisdiction in the foreign court; a litigant can wait to raise the issue when the foreign judgment is registered in Missouri. *L & L Wholesale, Inc. v. Gibbens*, 108 S.W.3d 74, 79 (Mo.App. S.D.2003). Only when the issue was raised and litigated in the foreign court is a party precluded from asserting lack of personal jurisdiction as a defense to the enforcement of a foreign judgment. *Id.* While Lohutko attempted to raise this issue in Pennsylvania, he did so after the default judgment was entered and consequently the matter was never decided by the Pennsylvania court.

directly appeal the registration of a foreign judgment. Instead, the rule requires a party challenging the foreign judgment to follow the same procedures "for reopening, vacating, or staying" a judgment originating with a Missouri circuit court. Rule 74.14(b). In order to reopen, vacate, or stay a judgment originating with a Missouri circuit court, a party must file a motion with a Missouri circuit court stating the grounds upon which relief is sought.

Rule 74.14 is to be "interpreted and construed as to effectuate its general purpose to make uniform the law of those states that adopt the 'Uniform Enforcement of Foreign Judgments Law.'" Rule 74.14(f). Missouri's Uniform Enforcement of Foreign Judgments Law ("Uniform Law") was codified in Section 511.760.1. Significantly, the Uniform Law sets forth the procedures by which the registration of a foreign judgment becomes a final judgment of this state. Section 511.760.1. The Uniform Law allows for pleading by the judgment debtor and states that if the judgment debtor fails to plead, or "if the court after hearing has refused to set the registration aside, the registered judgment shall become a final personal judgment." Section 511.760.1(7). The Uniform Law further states that "[a]n order setting aside a registration constitutes a final judgment in favor of the judgment debtor." Section 511.760.1(10). Finally, the Uniform Law expressly provides that "an appeal may be taken by either party from judgment or order sustaining or setting aside a registration on the same terms as an appeal from a judgment or order of the same court." Section 511.760.1(11).

The procedures set forth in the Uniform Law support our determination that Lohutko was required to challenge the foreign judgment by filing a motion to reopen, vacate or stay with the St. Charles County circuit court, and any appeal must be taken from the circuit court's judgment sustaining or denying such a motion. Lohutko did in fact file motions to stay execution of the foreign judgment and to quash garnishment with the circuit court, which were denied on April 24, 2007. Lohutko also filed a motion to set aside the foreign default judgment, which was denied on May 14, 2007. Although this Court gave Lohutko the opportunity to have the April 24, 2007 order denominated a judgment, he declined to do so. Likewise, Lohutko has not sought to have the May 14, 2007 order denominated a judgment from which he could appeal separately.

Ultimately, we do not have jurisdiction to decide the point of error raised by Lohutko in this appeal. Lohutko is claiming error with the Pennsylvania court's decision to enter a default judgment against him. Even if we were to find that the Pennsylvania court lacked personal jurisdiction over Lohutko, we cannot reverse a Pennsylvania court. This jurisdictional limitation further supports our determination that a party must seek relief from a foreign judgment by first filing a motion to reopen, vacate or stay a foreign judgment with the Missouri court where the judgment was registered. The decision of the court sustaining or denying such a motion is a final, appealable judgment for purposes of appellate jurisdiction. We find that this Court lacks jurisdiction to decide a direct appeal from the registration of a foreign judgment.

### III. CONCLUSION

Appeal dismissed.

ROY L. RICHTER, P.J., and CLIFFORD H. AHRENS, J., concur.