

# In the
# Missouri Court of Appeals
## Western District

WILLIAM WUNDERLICH,

           **Appellant,**

**v.**

**DEANNA JENSEN; DIVISION OF EMPLOYMENT SECURITY,**

           **Respondents.**

**WD79209**

**OPINION FILED:**

**MAY 24, 2016**

**Appeal from the Labor and Industrial Relations Commission**

**Before Division Three: James E. Welsh, J.J., Anthony Rex Gabbert, and Karen K.**

**Mitchell, P.J.**

William Wunderlich appeals the Labor and Industrial Relations Commission's (Commission) order affirming the Appeals Tribunal's dismissal of his appeal from a Division of Employment Security (Division) deputy's determination that Wunderlich's former legal secretary, Deanna Jensen, had not been discharged for misconduct connected with work and, therefore, was not disqualified from unemployment benefits. The Commission affirmed the Appeals Tribunal's dismissal on the grounds that Wunderlich failed to show good cause for failing to appear at the telephone hearing regarding his appeal. Wunderlich asserts three points of error. First, he contends that the Commission's decision lacked evidentiary support on the

whole record and the Commission abused its discretion in refusing to set aside the dismissal because Wunderlich showed good cause for failing to appear at the telephone hearing by demonstrating that he acted reasonably under all the circumstances and that he acted in good faith. And, though the Commission's ruling does not mention a "five minute wait" rule in its ruling, Wunderlich contends in his final two points that the Commission both (1) erred in relying upon a rule that is not contained within the Commission's regulations and (2) erred in failing to notify him of such a "five minute wait" rule until it was too late for him to participate in the hearing. We affirm.

### Factual and Procedural Background[1]

On May 19, 2015, Deanna Jensen filed an initial claim for unemployment benefits after she was discharged from her position as a legal secretary at the law firm of William Wunderlich and Associates. On May 29, 2015, Wunderlich protested the award of benefits, alleging that Jensen had been discharged for misconduct connected with work. On June 8, 2015, a Division deputy determined that Jensen had not been discharged for misconduct connected with work and, therefore, Jensen was not disqualified from receiving benefits. On June 17, 2015, Wunderlich filed his notice of appeal to the Appeals Tribunal.

On June 26, 2015, the Appeals Tribunal mailed notice of a telephone hearing to Jensen and Wunderlich. The notice stated:

**To Participate in the Telephone Hearing:**

---

[1]In reviewing unemployment compensation cases, we view the facts objectively, not in the light most favorable to the Commission's decision. *Lucido v. Div. of Emp't Sec.*, 441 S.W.3d 172, 174 (Mo. App. 2014) (citing *Hampton v. Big Boy Steel Erection*, 121 S.W.3d 220, 223 (Mo. banc 2003)). However, we defer to the Commission's factual findings and determinations of witness credibility. *Id.* (citing *Seck v. Dep't of Transp.*, 434 S.W.3d 74, 79 (Mo. banc 2014)). We review *de novo* conclusions of law and the application of the law to the facts. *Id.*

1. **YOU MUST CALL** the toll-free number **800-471-7894** at the time of the hearing.
2. When instructed, enter your PIN number 48980808 followed by the pound key [#].
3. Wait for the Referee to join the hearing.

The notice stated the hearing date as "THURSDAY, JULY 09, 2015" and the hearing time as "10:15 A.M. Central Time." The notice stated that the Decision would determine if the claimant left work voluntarily without good cause attributable to work or was discharged for misconduct connected with work. The back of the notice provided additional telephone hearing information and indicated, among other things, that "[i]f you filed the appeal and do not participate in the hearing, your appeal will be dismissed" and "[i]f you have any problems, or if you have waited on hold for more than 15 minutes and the referee (Host) has not joined the call, please contact the referee's office at the telephone number listed on the bottom front of this page."

Wunderlich, a lawyer, at 10:10 a.m. on July 9, 2015, instead of being prepared for his hearing and prepared to join the telephone conference hearing at the designated time in the next five minutes, made a telephone call to a different telephone number at the Division, "at a phone number provided to him in the Notice of Appeal to provide answers to Employer for any questions he might have regarding such appeal." Five minutes before his hearing, Wunderlich reported that he was using that time to attempt to determine the meaning of words that were in the "Employer Statement." Wunderlich proceeded to speak with a Division employee after making this telephone call and failed to call the telephone number provided in the telephone hearing notice at 10:15 a.m., instead deciding to join the appeal conference call in excess of five minutes later—at which point Wunderlich was notified that his appeal had been dismissed. The Appeals Tribunal docket sheet for the hearing contained an entry "No appearance by 10:20.

Appeal dismissed," and an entry "Call from Ron Miller: employer on the phone with Mr. Miller at 10:20."

Wunderlich filed a timely Application for Review to the Commission asking that the order of dismissal be set aside on the grounds that he had good cause for failing to participate in the scheduled telephone hearing. After review, the Commission affirmed the Appeals Tribunal Order. The Commission made the factual finding that, by Wunderlich's own admission, at the time he should have been following the instructions for connecting to his hearing, he was on the telephone speaking to someone else. Specifically, the Commission stated as follows in support of its ruling:

> We have considered employer's arguments and conclude that they fail. We do not believe the Division's *Notice* suggests participants have flexibility about when to connect to the hearing. The *Notice* is clear; participants are to take steps to connect to the hearing "at the time of the hearing." By his own admission, employer did not do so.
>
> Although employer alleges his timekeeping devices read 10:19 at the time he connected to the teleconference, the teleconference printout confirms employer connected at 10:20:39, more than five minutes after the hearing time.
>
> Due process required the Appeals Tribunal to afford employer an opportunity to be heard. The Appeals Tribunal did just that. Employer's failure to take advantage of the opportunity to be heard is not a due process failure.
>
> Employer's hearing was scheduled for 10:15 a.m. At 10:10 a.m.—a mere 5 minutes before he was to connect to the hearing—employer initiated a telephone call to another telephone number to ask questions about material appearing in the Division's record. Employer made the decision to make another call just prior to the start of his hearing and employer made the choice to remain on that call as the time for the start of his hearing came and went. A reasonable person desiring to participate in a hearing on his appeal would initiate his hearing call "at the time of the hearing" as directed by the Notice of Telephone Hearing.
>
> This appeal follows.

**Standard of Review**

We review decisions of the Commission pursuant to Section 288.210, RSMo 2000. Consequently, we will set aside the decision of the Commission only where (1) the Commission acted without or in excess of its powers, (2) the decision was procured by fraud, (3) the facts found by the Commission do not support the award, or (4) there was no sufficient competent evidence in the record to warrant making the award. § 288.210. 8 CSR 10-5.040(2)(A)[2] provides that, if the appellant fails to appear at a hearing at the scheduled time or location, the appeal shall be dismissed. 8 CSR 10-5.040(2)(B) provides that, if the dismissal is set aside, a hearing shall be held to determine if the appellant had good cause for failing to appear. To establish 'good cause' the appellant must show that he acted in good faith and reasonably under all of the circumstances. *Westbrook v. Division of Employment Security*, 456 S.W.3d 116, 119 (Mo. App. 2015). "Good cause depends upon the evaluation of many subtle factors, and therefore is subject to judicial review only for abuse of discretion." *Id.* "When contemplating good cause, we are bound by the Commission's determination, absent an abuse of discretion, even though we might have reached a different decision had we considered the matter initially." *Id.* (internal quotation marks and citation omitted). Further, we must give deference to the Commission on factual issues. *Hornbeck v. Spectra Painting, Inc.*, 370 S.W.3d 624, 629 (Mo. banc 2012). We may not substitute our judgment on the evidence and when the evidence before the Commission would warrant either of two opposed findings, we are bound by the Commission's determination. *Id.* "[I]t is irrelevant that that there is supportive evidence for the contrary finding." *Id.* (internal quotation marks and citations omitted).

## Analysis

## Point I

[2]All regulatory references are to the Missouri Code of State Regulations (October 31, 2013).

In Wunderlich's first point on appeal, he contends that the Commission's decision lacked evidentiary support on the whole record and the Commission abused its discretion in refusing to set aside the dismissal, because he had shown good cause for failing to appear in the telephone hearing by demonstrating that he acted reasonably under all the circumstances and he acted in good faith.  He argues that he had a good faith belief that there was some flexibility about when to connect to the hearing and, while that belief may have been incorrect, he showed it was a good faith belief and he acted reasonably under the circumstances.  He argues that he made an affirmative effort to participate in the telephone hearing and, therefore, the dismissal of his appeal should have been set aside.  We find no abuse of discretion.

Wunderlich does not dispute that he was aware of the date and time of his telephone hearing.  He also does not dispute that he chose to initiate another telephone call near the time his hearing was scheduled and chose to remain on that call after his scheduled hearing time of 10:15.  He has made no showing that the telephone call he initiated prior to the scheduled hearing was a necessary prerequisite for the teleconference or that, even if it was, the call could not have been initiated at a time that did not conflict with his hearing time.  We find no suggestion of flexibility with regard to the start time of the hearing within the telephone hearing notice.  The notice clearly states:  "**To Participate in the Telephone Hearing:**  1. **YOU MUST CALL** the toll free number **800-471-7894** at the time of the hearing."  The Notice also provides: "**Attendance**:  if you filed the appeal and do not participate in the hearing, your appeal will be dismissed."  These instructions are unambiguous and the Notice's statement regarding contacting the referee's office "[i]f you have any problems, or if you have waited on hold more than 15 minutes and the referee (Host) has not joined the call," does not suggest flexibility with regard to

the time at which a participant must call into the hearing.  Wunderlich does not contend that he experienced any difficulties when he called into the number for the telephone hearing or that he waited on hold and the referee never joined the call.  Based on the hearing notice, Wunderlich had no reasonable expectation that the appeals referee would wait for any given amount of time prior to dismissing the appeal.  Yet, Wunderlich made no effort to join the telephone conference as instructed on the notice of hearing at the time of the hearing.

We find the Commission's decision supported by competent and substantial evidence and find that the Commission did not abuse its discretion in refusing to set aside the dismissal of Wunderlich's appeal on the grounds that Wunderlich's failure to appear at the telephone hearing was without good cause.  Point one is denied.

### Points II and III

In his second point on appeal, Wunderlich contends that the Commission abused its discretion in refusing to set aside the dismissal and acted without or in excess of its powers because the Commission imposed an obligation upon him with respect to his appearance at the telephone hearing that was inconsistent with the Commission's regulations adopted pursuant to the Missouri Administrative Procedures Act.  Wunderlich argues that the Commission applied a "five minute wait" rule that was not a valid rule or regulation because the Commission failed to follow the required course of rule promulgation under the APA for its implementation.  And, in his third point on appeal, Wunderlich contends since he was not notified of the supposed "five minute rule" until after five minutes had elapsed from the start time of his teleconference appeal, he has been denied due process in the appeal proceeding.  Because these issues are interrelated, we discuss them together.

While we agree with Wunderlich that the Division abuses its discretion when it chooses to conduct proceedings with operating procedures that are outside of the clearly delineated parameters of its own regulations, *Wilson v. Div. of Emp't Sec.*, 359 S.W.3d 133, 136 (Mo. App. 2012), we note that the Commission's ruling does *not* impose or even mention a "five minute rule" as the basis for its decision. Instead, the Commission plainly faulted Wunderlich, a lawyer, for failing to follow the expressly delineated instructions for the start time of his hearing. Frankly, Wunderlich does not dispute that he ignored the expressly delineated time for the start of his teleconference appeal and that he did not even attempt to participate in the hearing until some five and a half minutes later. The burden is not on the Division to show that it reasonably terminated a hearing when a participant fails to appear; the burden is on the participant to show reasonable and good faith actions in making an affirmative effort to appear at the appointed time. "The Appeals Tribunal is not required to accommodate a party that does not follow the clearly stated directions in the notice of hearing." *Robinson v. Div. of Emp't Sec.*, 274 S.W.3d 505, 508 (Mo. App. 2008).

Here, Wunderlich attempts to shift the focus of his failure to attempt to participate in his hearing at the clearly stated appointed time and claims that there is a "five minute rule" that is unpublished and that he was not notified of it until it was too late. The Commission did not, however, base its ruling upon any supposed unpublished "five minute rule" and, simply put, Wunderlich's appeal complaints relating to such a "five minute rule" raises issues on appeal that were not before the Commission nor decided by the Commission's ruling.

"We may only address the issues that were determined by the Commission and may not consider issues that were not before the Commission." *Chase v. Baumann Property Co.*, 169

S.W. 3d 891, 892 (Mo. App. 2005).  Because the Commission did not base its ruling upon an invalid regulation not properly promulgated under the APA, Wunderlich's contention to the contrary must fail.

Similarly, Wunderlich's due process claim is without merit.  "In an administrative proceeding, due process is provided by affording parties the opportunity to be heard in a meaningful manner.  The parties must have knowledge of the claims of his or her opponent, have a full opportunity to be heard, and to defend, enforce and protect his or her rights."  *Scrivener Oil Co., Inc. v. Crider*, 304 S.W.3d 261, 271-72 (Mo. App. 2010) (internal quotation marks and citations omitted).  Here, Wunderlich had knowledge of the claims of his opponent and had a full opportunity to be heard, to defend, and to enforce and protect his rights.  He was provided notice of the exact date and time of his hearing and was made aware that his appeal would be dismissed if he failed to appear at the hearing.  Wunderlich had no reasonable expectation that the Division would wait any given amount of time before terminating the hearing after he failed to appear.  However, after failing to appear at the hearing at the scheduled time, Wunderlich was still given an opportunity to prove that he had good cause to excuse his failure to appear.  We find that Wunderlich was afforded the opportunity to be heard in a meaningful manner and find no due process violations.

Points II and III are denied.

We conclude, therefore, that the Commission did not abuse its discretion in refusing to set aside the dismissal of Wunderlich's appeal.  Wunderlich failed to show good cause to excuse his failure to appear at the telephone hearing regarding his appeal and, therefore, his appeal was properly dismissed.  We affirm the Commission's decision.

_____

Anthony Rex Gabbert, Judge

All concur.