

# In the Missouri Court of Appeals
## Eastern District

### DIVISION THREE

| | | |
|---|---|---|
| ROBERT EDWARDS (DECEASED) | ) | No. ED104019 |
| Respondent, | ) | |
| | ) | |
| | ) | |
| vs. | ) | Appeal from the Missouri Labor and |
| | ) | Industrial Relations Commission |
| CLINT ZWEIFEL, TREASURER OF | ) | |
| THE STATE OF MISSOURI AS | ) | |
| CUSTODIAN OF THE SECOND INJURY | ) | |
| FUND, | ) | |
| Appellant. | ) | Filed: September 13, 2016 |

### Introduction

The Second Injury Fund (the "Fund") appeals from an order of the Missouri Labor and

Industrial Relations Commission (the "Commission") substituting Beverly Edwards ("Ms.

Edwards") as a party to her deceased husband's workers' compensation claim pursuant to section

287.580. [1] We dismiss the appeal for lack of a final, appealable judgment.

### Factual and Procedural History

On March 28, 2006, Robert Edwards ("Mr. Edwards") suffered a work-related injury.

Thereafter, Mr. Edwards filed a workers' compensation claim, and an administrative law judge

awarded Mr. Edwards permanent total disability ("PTD") benefits from the Fund. The award was

final on April 22, 2009 and neither party appealed.

---

[1] All further statutory references are to Revised Statutes of Missouri (RSMo) 2000, unless otherwise indicated.

Mr. Edwards died on September 22, 2014. Ms. Edwards subsequently requested the Commission substitute her as a party in Mr. Edwards's workers' compensation case pursuant to section 287.580. In response, the Fund argued the case was no longer "pending" at Mr. Edwards's death for the purpose of section 287.580 because the workers' compensation award was finalized in 2009. Thereafter, the Commission granted the request for substitution and revived the proceedings pursuant to section 287.580 to continue in favor of Ms. Edwards. Specifically, the Commission held:

> Under the terms of the award issued April 22, 2009, the Second Injury Fund was obligated to tender weekly permanent total disability benefit payments to employee, subject at all times to possible suspension and/or modification under §§ 287.200.3,[2] 287.210.1 or 287.470 RSMo. For the very narrow purpose of applying the substitution provisions under § 287.580, we conclude that the ongoing obligation on the part of the Second Injury [F]und to pay weekly permanent total disability benefits to employee [Robert Edwards] (contingent always upon the continuation of the necessary conditions pursuant to Chapter 287) constituted sufficient "proceedings" in order to trigger § 287.580 in the event of employee's death.

Furthermore, the Commission made it clear that the order was limited to Ms. Edwards's substitution, stating, "We make no findings or conclusions with respect to Ms. Edwards's entitlement (if any) to benefits under the award of April 22, 2009." The Fund appeals.

## Discussion

We have a duty to determine *sua sponte* whether we have jurisdiction to entertain an appeal. *Lane v. Lensmeyer*, 158 S.W.3d 218, 222 (Mo. banc 2005). Without jurisdiction, the appeal must be dismissed. *Id.* This court has no appellate jurisdiction in a workers' compensation case except as expressly conferred by statute. *Schwarzen v. Harrah's St. Louis Riverport*, 72 S.W.3d 223, 224 (Mo. App. E.D. 2002). Section 287.495 authorizes an appeal from the "final award of the

---

[2] Section 287.200.3 RSMo Cum.Supp. 2008.

commission" to the appellate court. *Muller v. St. Louis Housing Authority*, 175 S.W.3d 191, 194 (Mo. App. E.D. 2005).

In its sole point on appeal, the Fund contends the Commission erred in substituting Ms. Edwards as a party in Mr. Edwards's workers' compensation claim under section 287.580. The Fund asserts section 287.580 applies only where the injured worker dies while the claim is "pending." The Fund argues Mr. Edwards's claim was final in 2009 and, thus, was no longer pending at the time of his death.

The Commission's order substituting Ms. Edwards pursuant to section 287.580 is merely a procedural matter that does not reach the merits of whether she is entitled to Mr. Edwards's PTD benefits under the Missouri Supreme Court's decision in *Schoemehl v. Treasurer of the State of Missouri*, 217 S.W.3d 900 (Mo. banc 2007). *See Taylor v. Ballard R-11 School Dist.*, 274 S.W.3d 629, 632 (Mo. App. W.D. 2009). Pursuant to section 287.495, a "final award" is one which disposes of the entire controversy between the parties. *Muller*, 175 S.W.3d at 194. An award is final only when the Commission arrives at a terminal, complete resolution of the case before it. *Id.* Only a final award is appealable. *Id.* In this case, the Commission's order clearly states, "We make no findings or conclusions with respect to Ms. Edwards's entitlement (if any) to benefits under the award of April 22, 2009." Thus, because the Commission never reached the merits of Ms. Edwards's claim, it did not come to a complete, final resolution of all issues before it, and the award did not dispose of the entire controversy between the parties. The Commission's order, accordingly, is not a final award. Point denied.

<u>Conclusion</u>

Therefore, we dismiss this appeal based on lack of jurisdiction to hear the claim.

_____
Angela T. Quigless, P. J.

Robert G. Dowd, Jr., J., and
Lisa S. Van Amburg, J., Concurs.