IN THE MISSOURI COURT OF APPEALS
 WESTERN DISTRICT

 TROY L. GREIG, )
 )
 Respondent, )
 WD84430
 v. )
 )
 OPINION FILED:
 )
 December 28, 2021
 JONATHAN McCALEB, )
 )
 Appellant. )

 Appeal from the Labor and Industrial Relations Commission

 Before Division Two: Mark D. Pfeiffer, Presiding Judge, and
 Gary D. Witt and Anthony Rex Gabbert, Judges

 In this appeal, the employer in a workers’ compensation case appeals the Labor and

Industrial Relations Commission’s order rejecting the employer’s application for review of a final

award for failure of the employer—found to be uninsured by the Administrative Law Judge—to

file the requisite bond. For similar reasons, we dismiss the employer’s appeal.

 Factual and Procedural Background

 On June 19, 2018, Mr. Troy Greig (“Employee”) injured his hip and leg when he fell from

a ladder while working for Mr. Jonathan McCaleb (“Employer”). Employer was present at the

time of the injury and called an ambulance for Employee.
 Employee thereafter filed a claim for compensation with the Division of Workers’

Compensation (“the Division”), identifying Employer and Employer’s home address in the claim

for compensation. The Division issued a letter acknowledging receipt of Employee’s claim for

compensation and notified Employer at his home address of 15816 Plattsburg Rd., Kearney, MO

64060.1 Employer was notified that he was to provide insurance information to the Division within

fifteen days. None of these notifications were ever returned to the Division as undeliverable.

Employer never filed an answer to the claim for compensation and never responded to the

Division’s insurance inquiry.

 During the pendency of the claim for compensation, Employee sent copies of medical

records, medical reports, a request for mediation, and a request for final hearing to Employer at

his address via first-class mail and none of these mailings were ever returned as undeliverable.

Employer never responded to any of these mailings, did not participate in mediation, and did not

assert any objection to Employee’s request for final hearing.

 A notice of hearing before an administrative law judge (“ALJ”) was sent by the Division

to the Employer. Employee’s claim proceeded to a hearing on September 15, 2020, wherein

Employee appeared in-person and was represented by counsel, but Employer did not appear. In

the ALJ’s “Findings,” the following pertinent facts were testified to by Employee and found by

the ALJ to be credible and undisputed:

 [Employee] testified that he has worked as a tree trimmer for 26 years. On June 19,
 2018, he had been employed by Employer for eight months as a tree trimmer.
 Employer used his personal residence in Kearney, Missouri as the center of
 operations for his tree trimming business. Employer hired Employee in Kearney,
 Missouri. [Employee] testified that Employer employed more than five employees
 and he regularly saw more than five employees working for Employer. Employer
 directed and controlled the method and manner of Employee’s work.

 1
 Employer acknowledged that 15816 Plattsburg Rd., Kearney, MO 64060 is, in fact, an accurate address for
him. Employer has likewise acknowledged that, at all times during the pendency of Employee’s claim for
compensation and Employer’s appeal to this Court, his address has remained the same.

 2
 On October 6, 2020, the ALJ entered a final award in favor of Employee. The ALJ

concluded that Employer had notice of the injury, as Employer was present when the injury

occurred. The ALJ also concluded that Employer was operating subject to the Missouri Workers’

Compensation Law as of the June 19, 2018 date of injury in this matter, and that Employer was

uninsured on the date of injury. The ALJ’s findings also stated that Employer did not appear at

the hearing despite being notified of the hearing.

 The Division sent a copy of the final award to Employer by certified mail to the same

address as used in all previous communications to Employer. Employer admitted receiving a copy

of the final award on October 14, 2020. Then, for the first time during the entire pendency of the

claim for compensation, Employer responded to the notification of final award in favor of

Employee—by claiming he had never received any prior mailings from the Employee or the

Division about the claim for compensation.

 Employer filed a timely application for review with the Labor and Industrial Relations

Commission (“Commission”) claiming that he did not receive notice of the filing of the claim for

compensation or the notice of the hearing, and Employer attached his self-serving affidavit to his

application for review stating the same. Employer asserted in his affidavit that he was unaware of

Employee’s claim until October 14, 2020, when he received a copy of the final award. Employer’s

application for review did not contest the finding of the ALJ in the final award that he was

uninsured on the date of Employee’s injury.

 The Commission dismissed Employer’s application for review because Employer failed to

file a bond along with his application for review. The Commission permitted Employer fifteen

days to respond. In Employer’s response, he asserted that his due process rights were violated

when the ALJ issued a final award despite him never receiving notice of the filing of the claim or

 3
notice of the hearing, and that requiring him to post a bond along with his application for review

would deprive him of his property without due process.

 On February 25, 2021, the Commission issued its order returning Employer’s application

for review as “not filed,” concluding that because Employer was determined to be subject to

workers’ compensation laws and was uninsured, a bond was a mandatory accompanying

prerequisite to his application for review.

 Employer now appeals.

 Standard of Review

 “This Court has a duty to determine sua sponte whether we have jurisdiction to review an

appeal.” Gerken v. Mo. Dep’t of Soc. Servs., Fam. Support Div., 415 S.W.3d 734, 737 (Mo. App.

W.D. 2013) (citation omitted). “This Court has no appellate jurisdiction in a workers’

compensation case except as expressly conferred by statute.” Eldridge v. Barnes, 189 S.W.3d 182,

183 (Mo. App. W.D. 2006); see also Williams v. Tyson Foods Inc., 530 S.W.3d 522, 523 (Mo.

App. W.D. 2017). “‘If this [c]ourt lacks jurisdiction to entertain an appeal, the appeal must be

dismissed.’” Williams, 530 S.W.3d at 524 (quoting Wunderlich v. Wunderlich, 505 S.W.3d 434,

436 (Mo. App. W.D. 2016)).

 Analysis

 Employer raises two points on appeal, both asserting due process rights violations relating

to his claim that he never received any notifications from the Division or the Employee about the

Employee’s claim for compensation and that the only notification he ever received—

notwithstanding the same address was used in all notifications to the Employer—was the notice

of final award in favor of the Employee. We address the points together.

 4
 A party to a workers’ compensation case may file an application for review with the

Commission within twenty days of the issuance of a final award. § 287.480.1.2 Where an

employer has been determined to be an employer subject to Chapter 287, the Workers’

Compensation Act, and has also been determined to be uninsured, “such application for review

shall be accompanied . . . [by] a bond which shall be conditioned for the satisfaction of the award

in full.” § 287.480.2 (emphasis added). “No appeal to the commission shall be considered filed

unless accompanied by such bond . . . .” Id. Though “[s]ection 287.495 authorizes an appeal from

the final award of the commission to the appellate court,” Eldridge, 189 S.W.3d at 183 (internal

quotation marks omitted), “such bond shall also be a prerequisite for appeal” to the appellate court.

§ 287.480.2 (emphasis added).3

 The ALJ, in issuing a final award in Employee’s favor, heard evidence and made factual

findings that supported the ALJ’s determination that Employer was subject to Chapter 287 and

was also uninsured. This explicit finding by the ALJ was adopted by the Commission in its order

returning Employer’s application4 and is supported by sufficient competent evidence heard by the

ALJ at the hearing.5 The Commission’s order rejecting Employer’s application for review

acknowledged that Employer was subject to Chapter 287 and uninsured. And, in so doing, the

Commission returned Employer’s application for review to Employer due to Employer’s failure

to accompany his application with a bond as required by section 287.480.2.

 2
 All statutory references are to the REVISED STATUTES OF MISSOURI 2016, as supplemented.
 3
 Employer posits no argument before this Court challenging the constitutionality of section 287.480.2.
 4
 This Court reviews the findings and award of the Commission, not the ALJ. Austin v. AM Mech. Servs.,
604 S.W.3d 665, 668 (Mo. App. W.D. 2020). However, where the Commission affirms the ALJ’s Award and
incorporates the ALJ’s findings by reference into the Commission’s Final Award, as is the case here, we review for
error the ALJ’s findings and conclusions as adopted by the Commission. Hayes v. Ginger C, LLC, 582 S.W.3d 140,
146 (Mo. App. W.D. 2019).
 5
 An employer for purposes of the Workers’ Compensation Act is any person or entity, like Employer here,
that employs the services of five or more employees for pay and retains the right to control the means and manner of
the service. § 287.030.1(1) & (3); Timster’s World Found. v. Div. of Emp. Sec., 495 S.W.3d 211, 220 (Mo. App. W.D.
2016).

 5
 The law is clear and mandatory in this respect; an application for review must be

accompanied by a bond where an employer is determined to be subject to Chapter 287 and

uninsured. Eldridge, 189 S.W.3d at 184. The Commission, and this Court, are otherwise without

jurisdiction to review the merits of an employer’s application for review. § 287.480.2. Employer

concedes that he did not file a bond with his application for review and still has not filed a bond

as required by section 287.480.2.

 There was nothing prohibiting Employer from making the argument in his application for

review to the Commission that the ALJ’s Final Award violated due process (as well as any other

argument that Employer wished to make in his administrative appeal to the Commission)—as long

as Employer filed the requisite bond. Instead, Employer essentially argues that his self-serving

affidavit should be deemed sufficient to give him a “do-over” without the necessity of a bond (or

proof of insurance). These self-serving assertions, however, do not overcome his obligation to file

a bond with his application. Sims v. Bestway Cleaning Co., 701 S.W.2d 791, 793 (Mo. App. E.D.

1985) (“[Employer’s] mere allegation that it did not receive the notice, which does not prove itself

and which is totally unsupported by evidence, is irrelevant . . . .”), overruled on other grounds by

Hampton v. Big Boy Steel Erection, 121 S.W.3d 220, 231 (Mo. banc 2003). Employer’s

self-serving assertions do not explain how Employer, in fact, received notice of the final award,

but did not receive any other notices—where the final award notification was mailed to the

identical address as numerous other mailings from the Division to Employer, including the notice

of hearing.

 While due process demands that parties have “the opportunity to be heard in a meaningful

manner,” Wunderlich v. Jensen, 496 S.W.3d 522, 528-29 (Mo. App. W.D. 2016), “Employer’s

failure to take advantage of the opportunity to be heard is not a due process failure.” Id. at 526.

 6
 Points I and II are denied.

 Conclusion

 Because Employer is an uninsured employer subject to the Workers’ Compensation Act,

and Employer’s appeal to this Court was not accompanied by the requisite bond, we dismiss this

appeal as not filed in accordance with section 287.480.2.

 /s/Mark D. Pfeiffer
 Mark D. Pfeiffer, Presiding Judge

Gary D. Witt and Anthony Rex Gabbert, Judges, concur.

 7